HILL v. WESTERN ELECTRIC CO. et al.

In re RANKIN.

(Circuit Court of Appeals, Sixth Circuit. June 2, 1914.)

No. 2581.

1. BANKRUPTCY (§ 460*)—APPEAL FROM ADJUDICATION—PARTIES—DISMISSAL.
    Where, after a motion to dismiss an appeal from a bankruptcy adjudication because the bankrupt was not joined as a party, he voluntarily entered his appearance, waiving notice of the appeal, and in terms submitted himself to the jurisdiction of the court as fully as though he had been duly and formally cited, and also waived time for filing the brief and other proceedings, he thereby became a party to all intents and purposes as though originally joined, and the motion to dismiss would be denied.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 919; Dec. Dig. § 460.*
    Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. BANKRUPTCY (§ 60*)—ACTS OF BANKRUPT—APPOINTMENT OF RECEIVER.
    Bankr. Act July 1, 1898, c. 541, § 3a, 30 Stat. 546 (U. S. Comp. St. 1901, p. 3422), as amended by Act Feb. 5, 1903, c. 487, § 2, 32 Stat. 797 (U. S. Comp. St. Supp. 1911, p. 1493), provides that acts of bankruptcy by a person shall consist of his having (4) made a general assignment for his creditors, or, being insolvent, applied for a receiver or trustee for his property, or, because of insolvency, a receiver or trustee has been placed in charge of his property under the laws of the state. *Held* that, where an alleged bankrupt was insolvent in fact at the time he presented a petition for the appointment of a receiver for his property in order to prevent the cancellation of a contract for the sale of an electric plant, such act constituted an act of bankruptcy, regardless of the fact that his purpose in making such application was not to liquidate his assets and distribute them among his creditors.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 80; Dec. Dig. § 60.*]

Appeal from the District Court of the United States for the Northern District of Ohio; William R. Day, Judge.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of proceedings to adjudge E. H. Rankin a bankrupt. On petition of the Western Electric Company and others. From an adjudication (210 Fed. 529), J. C. Hill, receiver of the Elyria Gas Power Company, appeals. Affirmed.

A. T. Hills, of Cleveland, Ohio, for appellant.
J. C. Fisher, of Cleveland, Ohio, for appellees.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

WARRINGTON, Circuit Judge. This is an appeal from an order adjudging E. H. Rankin a bankrupt. Section 25a, Bankruptcy Act; section 130, Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1134 [U. S. Comp. St. Supp. 1911, p. 194]). An involuntary proceeding was begun by petition of certain of his creditors alleging, among other things, that, within four months, Rankin had committed an act of bankruptcy by applying to the court of common pleas of Portage county, Ohio, "for the appointment of a receiver for his property in behalf of creditors, being then insolvent." Rankin had been engaged in business at Hiram (in the county before mentioned), under the name of the Hiram Electric Company. The proceeding was resisted by appellant as receiver of the Elyria Gas Power Company, which was a creditor of the bankrupt. It was admitted in the answer of appellant that Rankin had applied for the appointment of a receiver of certain of his property in the action before referred to, wherein Rankin was plaintiff and the Hiram College and its board of trustees were defendants; and, while in effect admitting that a receiver had been appointed, it was denied in the answer (though not alleged in the petition) that the appointment was made on account of the insolvency of Rankin, and such insolvency was denied for want of knowledge. It was in substance alleged in the answer that the application for the receiver was made for the purpose only of preventing the college and the trustees, as vendors of certain property held by Rankin under a conditional sale contract, from wrongfully taking possession of the same with certain additional property under a claimed right to forfeit the contract. In the reply of the petitioning creditors, the right of appellant to oppose adjudication was denied on the ground that his company, the Elyria Gas Power Company, claimed to be a secured creditor; but nothing is shown as to the extent of the alleged security. At the hearing Rankin's petition for such appointment of a receiver was offered in evidence, together with a stipulation, in which it was agreed: (1) That Rankin would, if permitted, testify that at the time he filed such petition he believed his assets to be worth $11,000 and his liabilities to be $10,000, and that his application for a receiver "was not made with the purpose on his part of liquidating his assets and distributing them to creditors"; and (2) "that, in fact, said Rankin was at the time insolvent, and his assets were worth not more than $7,500, and his liabilities were about $10,000."

[1] The bankrupt was not made a party to the proceedings taken on the appeal to this court, and the appellees have moved to dismiss for

that reason. It **is** to be observed that this does not involve the objection made below, though not here, to the right of appellant, as a creditor, either to oppose the adjudication or to maintain the appeal. Since the date of the motion to dismiss, Rankin has voluntarily entered his appearance in the present proceeding, waiving notice of the appeal, and in terms submitted himself to the jurisdiction of the court "in this matter as fully as though he had been duly and formally cited on the said appeal," and has also waived "time for filing of brief and other proceedings herein." No objection has been made to this, and, on the contrary, counsel for the motion to dismiss have since confined their attention to the merits of the order of adjudication. The bankrupt has presented no objection to the action of the court below; and the issue is contested here only by the appellant and appellees as creditors of the bankrupt. In these circumstances we are disposed to treat the record as including the bankrupt at least as a party appellee. Richardson v. Green, 130 U. S. 104, 114, 115, 9 Sup. Ct. 443, 32 L. Ed. 872; Dayton v. Lash, 94 U. S. 112, 24 L. Ed. 33. He has been given ample opportunity to be heard on the appeal, and so the rule and the reason for requiring his presence (that is, that the successful party shall be at liberty to enforce the decree against parties who do not desire to have it reviewed, and the appellate tribunal shall not be required to decide the same question on the same record more than once) are practically satisfied (Masterson v. Herndon, 77 U. S. [10 Wall.] 416, 417, 19 L. Ed. 953; Davis v. Mercantile Trust Co., 152 U. S. 590, 593, 14 Sup. Ct. 693, 38 L. Ed. 563; In re Dandridge & Pugh, 209 Fed. 838, 126 C. C. A. 562 [C. C. A. 7th Cir.]), although the time within which Rankin might have appealed has long since expired. Questions like this are regulated by the rule governing appeals in equity in the courts of the United States. General Order in Bankruptcy, No. 36 (89 Fed. xiv, 32 C. C. A. xxxvi). The rule in equity, as well as the federal statutory policy, is liberal in allowing amendments respecting any defect in process or pleading. 1 Foster, Fed. Prac. (3d Ed.) §§ 160, 161, et seq.; Browning v. Boswell, 209 Fed. 788, 791, 126 C. C. A. 512 (C. C. A. 4th Cir.). It is not suggested that the practice in this respect in equity or bankruptcy is less liberal than it is at law (Carey v. Donohue, 209 Fed. 328, 330, 126 C. C. A. 254 [C. C. A. 6th Cir.]); and the course we are now pursuing is well within the reason of the kindred rule recognized in appellate courts in cases at law (Teel v. Chesapeake & O. Ry. Co. of Virginia, 204 Fed. 914, 917, 123 C. C. A. 210 [C. C. A. 6th Cir.], and citations). The motion to dismiss must therefore be overruled.

[2] The remaining question concerns the order of adjudication. Section 3a of the Bankruptcy Act provides:

"Acts of bankruptcy by a person shall consist of his having * * * (4) made a general assignment for the benefit of his creditors, or, being insolvent, applied for a receiver or trustee for his property or because of insolvency a receiver or trustee has been put in charge of his property under the laws of a state. * * * "

Under the issue presented and the order entered thereon in this case, as stated, Rankin did, while insolvent, apply for a receiver for his

property, and so, according to the letter of the statute, did commit an act of bankruptcy. The record does not show that he possessed any other property than that described in his petition in the Portage common pleas and embraced in the application for receivership. The property described in the petition consisted of an electric lighting plant located in the village of Hiram. Rankin purchased the plant from Lloyd M. Hill, subject to a contract between Hill and the Hiram College, in substance binding the former to pay the latter the purchase price through supply of light to the college buildings and campus at an agreed rate per kilowatt. Rankin subsequently improved the plant and obtained from the village a grant to use the streets for electric lighting. The plant, however, was damaged by lightning; and, under the contract before mentioned, title to the original plant and to any improvements made upon it was reserved and given to the college until the purchase price was paid, with the further right to take exclusive possession and to terminate the contract in case of default. Rankin alleged in his petition that the college proposed to retake the property and put an end to the contract, that he was without means to replace the generator and repair the damage caused by lightning, and was owing debts which he was unable to pay, and for which suits were then pending to recover judgments against him and to levy upon his property. It is thus observable that this property and its management apparently involved the business and assets which Rankin was engaged in and using to supply electric light both to the college and the village; and, in the presence of such averments and the stipulation as to his actual insolvency, it is vain to say that his application was not within the spirit as well as the letter of the statute defining the act of bankruptcy charged. The language of the statute is specific, and to permit a debtor in effect to qualify it by an intent founded on a false notion of his solvency and ability to protect his creditors would be to subvert rather than to administer the law.

It is settled that to make a general assignment for the benefit of creditors is to commit an act of bankruptcy regardless of the solvency or insolvency of the assignor, because the language of the statute discloses an intent to make such an assignment alone an act of bankruptcy. West Co. v. Lea, 174 U. S. 590, 592, 595, 19 Sup. Ct. 836, 43 L. Ed. 1098; Bryan v. Bernheimer, 181 U. S. 188, 193, 21 Sup. Ct. 557, 45 L. Ed. 814. The language thus construed is immediately associated with that now in dispute; and, since the adjudication under review was based upon the debtor's admitted application for a receivership while insolvent, there can be no escape from the principle involved in those decisions. Despite the stipulation that Rankin would testify that, when applying for a receiver, it was not his purpose to liquidate his assets and distribute "them to creditors," the appointment was certain to remove the possession and control of his property to the receiver for administration according to orders of the court appointing him; and, in view of the conceded insolvency of the debtor, it cannot for a moment be presumed that the court would have declined to enforce the rights of the college and the creditors. The case does not differ, then, from what it would have been if Rankin had

admitted insolvency in his petition for a receiver; and hence every reason exists for testing his acts by the paramount rule of the bankruptcy law. Exploration Mercantile Co. v. Pacific H. & S. Co., 177 Fed. 825, 840, 101 C. C. A. 39 (C. C. A. 9th Cir.). See, also, Blackstone v. Everybody's Store, 207 Fed. 752, 755, 125 C. C. A. 290 (C. C. A. 1st Cir.), where the applicable rule is tersely stated, though the fact of insolvency failed of proof. And see reasoning of Judge Wallace in Re Spalding, 139 Fed. 244, 246, 71 C. C. A. 370 (C. C. A. 2d Cir.), although the case itself is not in point; 1 Loveland on Bankruptcy (4th Ed.) § 155, p. 333; Collier on Bankruptcy (8th Ed.) 1910, p. 84.

We therefore concur in the conclusion reached in this case by Judge Day ([D. C.] 210 Fed. 529); and accordingly the order below is affirmed, with costs.