## Petition of FRANCE FOUNDRY & MACHINE CO. et al.

### In re DETROIT TRANSP. TRUCK CO.

(District Court, E. D. Michigan, S. D. December 8, 1921.)

No. 5029.

**Bankruptcy ⬤⬤60—Application for receiver by insolvent corporation held an "act of bankruptcy."**

Application by an insolvent corporation to have trust mortgage declared void and a cloud upon the corporation's title, to enjoin defendant, who claimed to act as trustee under such mortgage, from proceeding as such, for an accounting by such defendant to the corporation, and for the appointment of a receiver to hold property covered by mortgage for preservation thereof pending determination of the case on the merits, *held* an "act of bankruptcy," under Bankruptcy Act, § 3a (Comp. St. § 9587). making an application by an insolvent person for a receiver or trustee for his property an act of bankruptcy, though the corporation's application for the receiver did not arise from and was not based on its insolvency, and though the application was for a temporary rather than a permanent receiver.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Act of Bankruptcy.]

---

In Bankruptcy. In the matter of the petition of the France Foundry & Machine Company and others to have the Detroit Transportation Truck Company adjudged bankrupt. Petition granted.

Fixel & Fixel, of Detroit, Mich., for petitioning creditors.

Oxtoby, Robison & Hull, of Detroit, Mich., for bankrupt.

TUTTLE, District Judge. This bankruptcy proceeding is before the court on the involuntary petition, the answer of the bankrupt thereto, and a stipulation of facts, entered into between the parties hereto.

It is alleged in said petition, among other things, and in addition to the necessary jurisdictional averments, that the bankrupt is insolvent, and that, while insolvent and within the period of four months next preceding the date of the petition, said bankrupt committed an act of bankruptcy, in that, during such period and being so insolvent, it applied to the circuit court for the county of Wayne in chancery (one of the courts of record of the state of Michigan) for the appointment of a receiver of its property, by filing a bill of complaint in a certain cause referred to in such petition. In the stipulation of facts just mentioned it is recited that the bankrupt was insolvent at the date of the filing of the involuntary petition herein, and also that it filed the said bill of complaint at the time alleged. It is, however, denied by the bankrupt that its act in so filing such bill of complaint constituted an act of bankruptcy.

Section 3a of the Bankruptcy Act (Comp. St. § 9587) contains the following provision:

"Acts of bankruptcy by a person shall consist of his having, * * * being insolvent, applied for a receiver or trustee for his property."

It appears from the bill of complaint in question, copy of which is attached to the stipulation of facts, and it is undisputed, that the purpose thereof was to have a certain alleged trust mortgage mentioned therein declared void and a cloud upon the title of the bankrupt, and of enjoining the defendant therein, who claimed to be acting as trustee under said mortgage, from exercising any rights of sale, control, or disposition of the property claimed by him to be subject to said mortgage. The bill also sought an accounting by said defendant to the plaintiff touching his dealings with such property in his claimed capacity of trustee under such alleged void trust mortgage. The final paragraph of the prayers for relief in such bill was as follows:

"That pending the hearing of this cause, for the purpose of preserving the assets for the benefit of said plaintiff and its creditors, a receiver be appointed to hold said assets intact, and to dispose of them in accordance with the future order of the court herein, said receiver to give such bond as to this court shall seem advisable, and that upon the appointment of said receiver, said defendant, Fred Conley, be by the order of this court directed to turn over such of said assets covered by said alleged mortgage as are now in his possession to said receiver."

Under the plain provision of the Bankruptcy Act hereinbefore quoted, it cannot be doubted that by thus applying for a receiver for its property while insolvent and during the statutory four months

period the bankrupt committed the act of bankruptcy referred to in the language of section 3a just referred to and charged in the petition herein. Hill v. Western Electric Co. (C. C. A. 6) 214 Fed. 243, 130 C. C. A. 613; Hinrichs v. Mississippi Valley Trust Co. (C. C. A. 6), 223 Fed. 991, 139 C. C. A. 371. The contention that in order to constitute an act of bankruptcy an application for a receiver must arise from, and be based upon, insolvency, was held to be without merit by the Court of Appeals for this circuit in the case first cited. The material facts in that case were substantially the same as those here, and the language there used by the court is so directly applicable and controlling in the instant case as to render further discussion of this question unnecessary.

Nor is the effect of the application for the receiver which was made by the bankrupt herein affected by the fact that such application was for a temporary rather than a permanent receiver, this being an incidental and immaterial detail. In re Wm. S. Butler & Co., Inc. (C. C. A. 1) 207 Fed. 705, 125 C. C. A. 223.

Petitioning creditors having thus established one of the acts of bankruptcy charged in the involuntary petition, it becomes unnecessary to decide or consider whether the bankrupt is guilty of any of the other acts of bankruptcy alleged therein.

An order for adjudication will be entered.