## In re HARMONY CREAMERY CO.

District Court, W. D. Pennsylvania. February, 1927.

### No. 12731.

Bankruptcy ⊂⇒76(1)—Stockholders, claiming that their subscriptions were induced by fraud, are not creditors who may maintain involuntary petition against corporation (Bankruptcy Act, § 59b [Comp. St. § 9643]).

Stockholders of a corporation have not the status of creditors with provable claims within Bankruptcy Act, § 59b (Comp. St. § 9643), who may maintain an involuntary petition against the corporation, merely on an allegation in the petition that they were induced to subscribe for the stock by fraudulent representations and have elected to rescind their contracts.

In Bankruptcy. In the matter of the Harmony Creamery Company, alleged bankrupt. On involuntary petition for adjudication. Denied.

Morris D. Canter, of Pittsburgh, Pa., for petitioning creditors.

R. A. & Jas. Balph, of Pittsburgh, Pa., for Monongahela Nat. Bank.

R. A. McCrady, of Pittsburgh, Pa., for Franklin Sav. & Tr. Co.

A. W. Robertson and H. D. Megahan, both of Pittsburgh, Pa., for bankrupt.

H. F. Mercer, of Pittsburgh, Pa., for receiver.

SCHOONMAKER, District Judge. An involuntary petition in bankruptcy was filed against the Harmony Creamery Company, a

corporation, by D. Pratt, A. Drentkiewicz, and Miss Annie Lima. The petitioners alleged that they were creditors of the Harmony Creamery Company, having provable claims, and set out in the petition the nature and amount of their claims in the following language:

"The following creditors had entered into contracts for the purchase of preferred stock in the said Harmony Creamery Company by reason of certain false and fraudulent representations of material existing facts made to them by the duly authorized agents or employees of the Harmony Creamery Company, which they believed to be true, and which the Harmony Creamery Company knew at the time to be false, and, without which false and fraudulent representations having been made, they would not have entered into such contracts; that upon discovering the falsity of such representations they elected to rescind their contract of purchase and demanded the return of the money paid to said Harmony Creamery Company: D. Pratt, $2,456.25; A. Drentkiewicz, $284.25; Annie Lima, $189.50."

The act of bankruptcy alleged is that on the 6th day of April, 1926, the said Harmony Creamery Company, while insolvent, committed an act of bankruptcy, in that on its application on that date a receiver was put in charge of its property under the laws of the state of Pennsylvania, at a proceeding filed in the court of common pleas of Allegheny county, Pa., at No. 80, April term, 1926, docket E.

On May 13, 1926, the receiver of the Harmony Creamery Company, under appointment by the said court, appeared, and with leave of this court filed a motion to dismiss the petition in bankruptcy; among the reasons assigned being that the petitioners were not in fact such creditors as were entitled to institute proceedings in bankruptcy. On July 9, 1926, an answer was filed by the Harmony Creamery Company, averring, among other things, that the petition did not state facts sufficient to warrant the granting of the relief prayed for, in that the petitioning creditors were not such creditors as were entitled to file a petition in bankruptcy. On the 13th day of July, 1926, by leave of court, the Monongahela National Bank of Pittsburgh was allowed to intervene as a creditor to defend the petition, and filed an answer on February 11, 1927, averring that, among other things, the persons whose names are subscribed to the petition are not in fact creditors within the meaning of the Bankruptcy

Act (Comp. St. § 9585 et seq.), entitled to maintain an involuntary petition in bankruptcy, but are stockholders of the respondent company. On June 8, 1926, Morris P. Canter and Rody P. Marshall filed in the office of the clerk of this court, but without leave of court, a præcipe to the clerk to enter their appearance for certain persons named in the præcipe as petitioning creditors. No petition was filed by said persons setting forth the nature and amount of their claims.

This case came up for hearing on the 11th day of February, 1927, and we were met at the threshold of the case with the jurisdictional question raised by a motion to dismiss the petition and by the answers filed, as to whether or not the petitioning creditors, shown on the face of the petition in bankruptcy to be subscribers to the preferred stock of the Harmony Creamery Company, were creditors having provable claims within the meaning of the Bankruptcy Act.

We therefore heard the arguments of counsel upon the legal question, and, after having given due consideration thereto, we have come to the conclusion that the petitioning creditors in this case are not creditors having provable claims within the meaning of section 59(b) of the Bankruptcy Act (Comp. St. § 9643). The allegation of the petition is that these persons, who are subscribers to the preferred stock of the Harmony Creamery Company, were entitled, by reason of the false and fraudulent representations, to rescind their contract of subscription and demand a return of the purchase money paid for the preferred stock. This does not constitute them creditors with provable claims. There is no allegation that they have had an adjudication upon their right to rescind their purchases of stock and rank as general creditors to recover the amounts paid by them on stock, which allegation would be necessary to entitle them to maintain an involuntary petition in bankruptcy against the corporation.

This question has been squarely ruled by the Circuit Court of Appeals, Eighth Circuit, in Missouri Valley Cattle Loan Co. v. Alexander, 276 F. 266, 47 Am. Bankr. Rep. 455. The reason for such a conclusion, we think, is very well stated by Judge Buffington in the case of Big Meadows Gas Co. (D. C. Pa.) 113 F. 974, 7 Am. Bankr. Rep. 697, as follows:

"Where a claim against another has not been judicially ascertained, and where its validity and certainty are evidenced by no paper, acknowledgment, or other admission

of the debtor, it would offend our sense of right to allow such self-asserted claim to constitute sufficient ground for harassing another with a petition in bankruptcy. It will readily be seen that an averred but unfounded claim might be made an effective weapon to enforce an unjust demand, or even to bankrupt a struggling, but solvent, debtor."

While it is true that by section 59b creditors other than the original petitioning creditors may at any time enter their appearance and join in the petition, nevertheless there must be facts averred by the persons seeking to intervene which would show them to have provable claims against the bankrupt. The præcipe for appearance filed by attorneys for certain creditors contains no averments of fact, is not supported by affidavit, and is not such a paper as would justify the court to permit the persons named there to intervene as petitioning creditors with provable claims.

We are not certain now, holding the original petition to be without necessary jurisdictional averments, that we can permit these alleged creditors to intervene at the present time. However, we shall not decide that question until a petition for intervention is presented in due form, and, in order to permit counsel who filed this præcipe to present a proper petition for intervention, we shall not enter a judgment of dismissal upon the petition herein until the expiration of ten days from the date of the filing of this opinion.