## In re LUXOR CAB MFG. CORPORATION.

### Ex parte MASTERMAN PRINTING CO., Inc., et al.

Circuit Court of Appeals, Second Circuit.
April 9, 1928.

No. 199.

Bankruptcy ⬤⟶81(4)—Bankruptcy petition, based on appointment of temporary receivers more than four months before filing petition as act of bankruptcy, held properly dismissed (Bankr. Act, § 3a, as amended by Act May 27, 1926, 11 USCA § 21[a]).

Where creditor filed bill in equity, alleging that corporate defendant, though solvent, was temporarily unable to pay its debts, and praying that court should take possession of and conserve its property, and defendant's answer admitted allegations of bill and joined in the prayer, whereupon court appointed temporary receivers, and thereafter made receivership permanent, *held* that, under Bankruptcy Act, § 3a, as amended by Act May 27, 1926 (11 USCA § 21 [a]), petition that said corporation be adjudged bankrupt, filed within four months after appointment of permanent receivers, but more than four months after their appointment as temporary receivers, was properly dismissed, on theory that act of bankruptcy occurred when temporary receivers were appointed.

Appeal from the District Court of the United States for the Southern District of New York.

Bankruptcy proceeding by the Masterman Printing Company, Inc., and others, against the Luxor Cab Manufacturing Corporation. From an order dismissing the petition, petitioning creditors appeal. Affirmed.

See, also, 25 F.(2d) 646.

On June 29, 1926, the Budd Wheel Company, a Pennsylvania corporation, a simple creditor of the Luxor Cab Manufacturing Company, the alleged bankrupt, a New York corporation, filed a bill in equity against it in the District Court for the Southern District of New York. The bill alleged that the defendant, though solvent, was temporarily embarrassed in its affairs and unable to pay its debts, that its creditors were pressing it for payment, had attached its property and threatened to attach more, and "that, in order to conserve" its property, the court should take possession. The defendant filed an answer at the same time, admitting all the allegations of the bill and joining in the prayer. The court immediately appointed "temporary receivers," and directed them within thirty days to advise all creditors of the defendant by post of the contents of the decree appointing them and to give notice of a motion to make the receivership "permanent." On the return day of the motion, August 3, 1926, the court "continued" and "made permanent" the same receivers with the same powers.

On December 3, 1926, the appellants, creditors of the alleged bankrupt, filed a petition in the District Court for the Southern District of New York alleging as an act of bankruptcy that on August 3, 1926, while the cab company was insolvent, receivers had been "appointed" and "put in charge of its property." The cab company thereupon moved to dismiss this petition on two grounds: First, that the receivers had been "appointed" and "put in charge" more than four months before the petition was filed; second, that the amendment of May 27, 1926, to section 3a of the Bankruptcy Act (11 USCA § 21[a]) did not go into effect until August 27, 1926, and was not retroactive. The petitioning creditors answered by affidavit alleging among other things that the cab company was insolvent as well on June 29, 1926, as on August 3, 1926.

The District Court held that, although the Act of May 27, 1926, was retroactive, the only appointment of the receivers was on June 29, 1926, and that the petition was too late.

Katz & Sommerich, of New York City (Otto C. Sommerich and Maxwell C. Katz, both of New York City, of counsel), for appellants.

McManus, Ernst & Ernst, of New York City (Irving L. Ernst, of New York City, of counsel), for receivers in equity.

Joseph Sterling, of New York City, for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

**L. HAND,** Circuit Judge (after stating the facts as above). As we agree with the District Court that the only appointment of the receivers was on June 29, it is not necessary to decide whether the Act of May 27, 1926, is retroactive as respects acts of bankruptcy committed between the date of its passage and August 27, 1926. Assuming that it is, it is plain that an act of bankruptcy was committed on June 29, 1926, when the temporary receivers were appointed; for it is scarcely possible that the alleged bankrupt should have been insolvent on August 3, and solvent on July 29, even though meanwhile in the custody of "conservation" receivers, and in any case the petitioning creditors themselves allege the opposite. If the alleged bankrupt be insolvent, the statute makes no distinction between the appointment of temporary and permanent receivers, nor is there any reason à priori for implying one (Blue Mountain, etc., Co. v. Portner, 131 F. 57 [C. C. A. 4]; In re Kennedy Tailoring Co., 175 F. 871 [D. C. Tenn.]), though we need not hold that a mere ex parte appointment would be enough, if later revoked at the demand of the defendant. Here the defendant had joined in the prayer and might no longer contest the validity of the decree; as to it the court had finally acted, the administration of its assets had begun, and would proceed to a conclusion unless the creditors upon the return day should show cause for its discontinuance. These were, however, not limited to that relief which would have restored the defendant to a possession which it was confessedly unable to protect, a result which nobody could have wanted. They might invoke the superseding jurisdiction of bankruptcy without choosing between such alternatives. Indeed, we do not understand that the appellants dispute that the decree of June 29 was an act of bankruptcy.

What they do assert is that the decree of August 3 which "continued" and "made permanent" the same receivers was another such act. It is perhaps possible so to view it, but it seems to us an artificial and formal interpretation. While the decree of June 29 presupposed some subsequent action, it was not the reappointment of the receivers but to find out whether they should be relieved of duties already imposed upon them. If the creditors could not show any ground for ending their custody, it was to continue; there was to be no interregnum during which the defendant would resume possession, no new appointment, no second assumption of custody by the court. This appears to us by far the more natural way to look at what happened, and, so far as diction should count, the proper meaning of the phrase "continued" and "made permanent," used in the decree of August 3.

Walker v. Morgan, 20 F.(2d) 547 (C. C. A. 5), which arose upon facts occurring before the amendment of 1926, was quite another case. The temporary receivers had not originally been appointed "because of insolvency," and no act of bankruptcy therefore took place when they took charge. When they were "made permanent," the court determined that the bankrupt was insolvent and entered the second decree because of that finding. The bankruptcy court could have refused to adjudicate only by holding that the continuance of the receivership because of insolvency was not an "appointment," the receivers having already been appointed for another reason. But, if so, it must have held that no act of bankruptcy had ever been committed at all; not the original appointment, because it was not for insolvency; not the decree making permanent the receivers, because it was no appointment. Naturally the judges did not let the essence fly off with the fumes of their own reasoning. In re Milbury Co., 11 Am. Bankr. Rep. 523, can be supported, if at all, only because the receivers were made permanent upon a second application by the bankrupt's directors. Section 3a (4) (11 USCA § 21[a]) then read as follows: "Being insolvent," has "applied for a receiver * * * or because of insolvency a receiver * * * has been put in charge." The bankrupt had within four months made a second application for a receiver, and perhaps that was a new act of bankruptcy. Even if well decided, the case has no relevance here.

Order affirmed.