## In re HEWITT GROCERY CO.
### No. 19861.

District Court, D. Connecticut.
June 3, 1940.

494

Benjamin M. Chapnick, of New Haven, Conn., for objecting creditors.

William J. Larkin, of Waterbury, Conn., for receiver.

HINCKS, District Judge.

This matter came into this court by an involuntary petition filed April 4, 1940. On April 10, 1940, one Schick, alleging that he had theretofore been appointed receiver for the alleged bankrupt by the Superior Court for New Haven County, moved to dismiss the involuntary petition, and on April 12, 1940, a formal appearance herein was entered for the state court receiver.

Thereafter at the request of counsel for the petitioning creditors the receiver's motion to dismiss was assigned for hearing, at which no one appeared to support the motion to dismiss. An order was accordingly entered on May 4, 1940, denying the receiver's motion to dismiss by default and, no answer having been filed to the involuntary petition, an adjudication entered.

Thereafter, by motion dated May 8, 1940, counsel for the state court receiver moved to vacate and for a hearing on the merits of the receiver's motion that the involuntary petition be dismissed.

At the hearing it developed that counsel for the petitioning creditors had failed to notify counsel for the receiver of the hearing assigned for April 29, 1940, upon the motion to dismiss; instead counsel for the petitioning creditors had sent a letter to the receiver personally notifying him of the assignment. This notice did not comply with Federal Rules of Civil Procedure, rule 5(b), 28 U.S.C.A. following section 723c, which provides "whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party himself is ordered by the court." This rule is applicable here under General Order in Bankruptcy 37, 11 U.S.C.A. following section 53.

Perhaps counsel's failure to comply with the rule was due to misunderstanding. For when he applied to me for an assignment on the receiver's motion, after making the assignment I cautioned him orally that he should of course notify the alleged bankrupt and its receiver. However, I did not mean thereby to authorize an omission of notice to the receiver's counsel and now that it appears that the default was due to the receiver's assumption that his counsel would have independent notice of the hearing, I feel that the rulings entered by default should be vacated and that the receiver's motion should be heard on its merits. Especially is this so in view of the fact that the receiver's motion to vacate was promptly filed before any steps had been taken to administer the estate in bankruptcy.

Coming then to the merits, it appears from the face of the involuntary petition that the only act of bankruptcy relied upon was the appointment of a receiver when the alleged bankrupt was insolvent. The evidence shows that the temporary receiver was appointed November 23, 1939; that at that time the temporary receiver was ordered to notice all creditors and stockholders by mail and publication on or before December 18th of a hearing upon the confirmation of his appointment; and that on January 5th, 1940, the receiver qualified as a permanent receiver. Thus the only question is whether the appointment of the temporary receiver was an "appointment" within the meaning of Section 3, sub. a(5) of the Act, 11 U.S.C.A. § 21, sub. a(5), if so, the involuntary petition was brought

more than four months after the appointment and should be dismissed.

■ According to the weight of authority and reason, the appointment of the temporary receiver constitutes an act of bankruptcy. Blue Mountain Iron & Steel Co. v. Portner, 4 Cir., 131 F. 57; In re Detroit Transportation Trucking Co., D.C., 276 F. 757; In re William S. Butler & Co., 4 Cir., 207 F. 705, at page 711; In re Luxor Cab Mfg. Corp., 2 Cir., 25 F.2d 644.

The reason underlying these authorities is plain. A temporary receiver no less than a permanent one "takes charge of the property" within the meaning of the act. And from the notorious fact of possession by the receiver as well as by judicial orders of notice incidental to the receivership, the creditors are put on notice as well by a temporary appointment as by a permanent appointment of the act of bankruptcy.

■ But counsel for the petitioning creditors objects that under Section 18, sub. b of the Chandler Act, 11 U.S.C.A. § 41, sub. b, only the alleged bankrupt may oppose the petition; that the state court receiver is without standing to oppose. This contention also is unsound. It is true that Section 18, sub. b of the Chandler Act, eliminated the express authority theretofore carried in the act for opposition to an involuntary petition by creditors. But the general practice current prior to the Chandler Act, whereby equity receivers were heard in bankruptcy proceedings (cf. In re Pusey & Jones Co., 2 Cir., 286 F. 88; In re Harmony Creamery Co., D.C., 18 F.2d 609; In re Morosco Holding Co., D.C., 296 F. 516) stemmed not from express statutory authorization but rather from the inherent equitable power of the bankruptcy court to grant intervention in a proper exercise of discretion. In re S. W. Strauss & Co., 2 Cir., 67 F.2d 605; In re Enjay Holding Co., D.C., 18 F.Supp. 445. This inherent power in the bankruptcy court was not curtailed by the Chandler Act, and the equitable power remains in the bankruptcy court, In re National Republic Co., 7 Cir., 109 F.2d 167, notwithstanding the fact that Section 18, sub. b, of the Chandler Act has eliminated authority for creditors to resist the involuntary petition as a matter of right.

■ If, then, the bankruptcy court at its discretion may permit the state court receiver to appear and oppose, it is clear to me that here, as generally in such cases, that privilege should be granted. For the state court receiver seeks primarily to protect the jurisdiction of the state court. His participation involves no attack upon the bankruptcy court. It rather constitutes an aid to the bankruptcy court against an inadvertent and unwarranted assumption of jurisdiction, coupled with an implied submission to the jurisdiction of bankruptcy if on consideration the jurisdiction of bankruptcy is sustained.

Indeed, it has occurred to me to consider whether under Rule 24(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the state court receiver in a case such as this may not be entitled to intervene as a matter of right. This point it is not necessary now to decide, since on the facts of the instant case the intervention is freely granted as a matter of discretion.

It follows therefore that the receiver's motion to vacate should be granted and that the involuntary petition should be dismissed.

Ordered accordingly.