JOHN SIMMONS Co., INC., Plaintiff, *v.* WELL DIGGERS, INC., Defendant.

Supreme Court, Special Term, New York County, November 4, 1954.

*Julius Wolfson* for plaintiff.

*Louis Friedmann* for defendant.

EDER, J. Upon the foregoing papers this motion for judgment on the pleadings in favor of plaintiff is granted. Defendant's argument that plaintiff's failure to include in the schedule annexed to the complaint the invoice dates of each of the items, excused defendant from compliance with the requirement of section 255-a of the Civil Practice Act as to specific denials with respect to delivery, performance, reasonable value or agreed price, is untenable. " The word ' items ' as used in section 255-a will generally mean the particulars in such detail that the account may be readily examined and its correctness tested entry by entry " (*Innis, Pearce & Co.* v. *G. H. Poppenberg, Inc.*, 213 App. Div. 789, 790). The section itself requires merely the setting forth and numbering of the items of the claim and the reasonable value or agreed price of each. Here the complaint alleges the sale and delivery of goods over a period of less than two months and the schedule contains fourteen numbered items which are specifically described as to type of article, quantity, list price, discount, and agreed price. The details thus furnished are deemed sufficient to have enabled defendant to identify the particular items to be denied, if such was its intention. Accordingly, the general denial interposed was insufficient to put in issue the items comprising plaintiff's claim and the allegations of the complaint stand as admitted. Settle order.