CARPENTER LAND IMPROVEMENT CORPORATION *v.* ARNOLD.

No. 41296          December 7, 1959          116 So. 2d 228

*W. M. Broome,* Crystal Springs, for appellant.

*P. M. Watkins,* Port Gibson, for appellee.

GILLESPIE, J.

Appellant, plaintiff below, sued appellee, defendant below, alleging that at the request of appellee the appellant performed 85½ hours of bulldozer work for appellee at an agreed price of $8 per hour, or a total of $684, and that appellee refused to pay. Attached to the declaration was an itemized statement which showed the numbers of hours worked each day.

Appellee filed a counter-affidavit in which he stated that the amount of the bill should not be more than one-half of that claimed and "that the time, hours worked, dates on which work was done, and number of hours on each date shown by the itemized account are incorrect." The counter-affidavit did not particularize wherein any particular item was incorrect, but charged in general terms that when appellant's employee was supposed to be operating the bulldozer he was loafing and drinking coffee with appellee's foreman. The counter-eraffidavit also stated that the amount of time charged was incorrect because of the small amount of work done but in nowise particularized wherein the account was incorrect.

In his counter-affidavit and answer, appellee charged that the work was done in an unworkmanlike manner and the pond dam which was constructed washed out because it was not properly graded due to the dryness of the earth. The counter-affidavit and answer attempted to assert two defenses: (1) That the number of hours worked were not more than one-half of the hours charged, and (2) unworkmanlike manner in which the dam was constructed. Appellee admitted owing one-half of the amount sued for, saying in his pleadings that "he feels that the sum of $342.00, one-half of the said amount sued for, would more than pay plaintiff in full under the circumstances for work actually performed. . . ."

Upon trial of the case, the jury returned a verdict for one-half of the amount sued for, or $342.00.

The first question raised by this appeal is whether evidence offered by appellee challenging the amount of hours performed by appellant's bulldozer operator was admissible; or, to put it otherwise, whether it was necessary for appellant to prove the individual items of its account which showed the number of hours worked each day as set out in the itemized account. Section 1754, Mississippi Code of 1942, is as follows:

"A person desiring to institute suit upon an open account in his favor, may make affidavit to the correctness of such account, and that it is due from the party against whom it is charged; and in any suit thereon such affidavit attached to the account shall entitle the plaintiff to judgment at the trial term of the suit, unless the defendant make affidavit and file with his plea that the account is not correct, particularizing wherein it is not correct, in which event the affidavit to the account shall entitle the plaintiff to judgment only for such part of the account as the defendant by his affidavit shall not deny to be due; but this shall not apply to accounts against decedents and suits against executors or administrators. A defendant desiring to use an open account as a set-off shall be entitled to the benefit of this section."

██ ██ We hold that since the counter-affidavit did not particularize wherein the individual items of the itemized account were incorrect, but merely stated in general terms that the total number of hours was incorrect, defendant below was precluded from questioning the correctness of the individual items of the account and appellant was not required to make proof of the correctness of the individual items of the account. Tichenor v. Woodburn, 54 Miss. 589. Of course, the failure to file a proper counter-affidavit did not prevent defendant below from asserting his other defense. Philley v. Toler, 231 Miss. 512, 95 So. 2d 783, and cases therein cited. Moreover, the court did not restrict appellee

in introducing evidence tending to show that appellant's bulldozer operator loafed on the job, but there was a complete failure to show that appellee was charged for any time not worked.

■■ ■ On the question whether appellee made a jury issue justifying a verdict of one-half of the amount sued for, we will assume without deciding that the defense based on the contention that the pond levee was built in an unworkmanlike manner was properly pleaded. It would serve no useful purpose to set out herein the lengthy testimony of appellee. It shows that the work was performed on thirteen different days between August 5 and August 23, 1955. Appellee makes no complaint whatever of the work done clearing land the first seven days that appellant's bulldozer operator worked on appellee's plantation. Appellee at one place in his testimony did indicate he was dissatisfied with the amount of work accomplished due to dryness of the ground but appellee testified that he was on the premises most of the time when this clearing work was done. Therefore, there is no question about the clearing work. Appellee instructed appellant's bulldozer operator to start building the dam. He knew the dry condition of the ground at the time. Appellee then left on a business trip and returned after appellant's bulldozer operator had worked for six days building the pond dam to a height of twelve feet. Upon his return, appellee instructed appellant's bulldozer operator to stop work on account of the dryness of the ground and to wait until it rained. No further work was done by appellant's operator.

When appellee got the bill from appellant for $684.00, he did not pay it and contended that he only owed half that amount, and his complaint was based solely on the ground that he thought appellant's operator had not put in as much time as he was charged with, and had not gotten as much work done as the time indi-

cated. Appellant's operator, as instructed by appellee, had turned in his time at the end of each day to appellee's foreman, who lived on appellee's land. No complaint had been made about the quality of the work performed by appellant's bulldozer operator until about two years later when the dam broke and it was discovered there were some stumps and logs in the dam, which, according to appellee's proof, should not have been left in the dam. But there is no proof that the levee broke on account of the logs or stumps in the dam. Appellee testified that when he stopped appellant's operator from building the dam it had been built to a height of twelve feet, and that after the dam broke, he caused it to be built to a height of twenty-six feet.

Appellee's own testimony reveals that his complaint to the effect that he did not owe but one-half of the amount charged by appellant was based on the amount of the work done, and it is clear from his testimony that the earth was too dry to build a dam, yet appellee started appellant's operator to building the dam and allowed him to work for six days knowing the condition of the earth. Moreover, appellant repeatedly testified to the effect that the discovery of the stumps and logs in the dam had nothing to do with the lawsuit and was immaterial insofar as his complaint about the bill was concerned.

After carefully considering appellee's proof, including his own testimony, we are of the opinion that appellee failed to make a jury issue on the defense that the work was done in an unworkman like manner. Therefore, the lower court erred in refusing appellant's requested peremptory instruction for the full amount sued for. The judgment of the lower court is therefore reversed and judgment is entered here for the amount sued for, or $684.00.

Reversed and judgment here for appellant.

*Roberds, P. J.,* and *Lee, Kyle* and *Arrington, JJ.,* concur.