**SHIRK OIL COMPANY, Appellee,**

v.

**Glen PETERMAN, Appellant.**

No. 67645.

Supreme Court of Iowa.

Jan. 19, 1983.

Larry F. Woods, Oelwein, for appellant.

John W. Hofmeyer III, Oelwein, for appellee.

Considered by REYNOLDSON, C.J., and LeGRAND, UHLENHOPP, HARRIS, and McCORMICK, JJ.

UHLENHOPP, Justice.

This appeal involves problems which arose in connection with a motion for summary judgment in an action on an account.

The relevant proceedings are as follows. Plaintiff Shirk Oil Company filed a petition against defendant Glen Peterman on an open account in the sum of $10,393.66 for oil products sold and delivered to Peterman. Shirk attached a bill of particulars by consecutively numbered items. Rule 99 of the Iowa rules of civil procedure states:

> A pleading founded on an account shall contain a bill of particulars thereof, by consecutively numbered items, which shall define and limit the proof, and may be amended as other pleadings. A pleading controverting such account, must specify the items denied, and any items not thus specified shall be deemed admitted.

Peterman filed an answer denying the paragraphs of the petition but not specifying the items of the account denied.

On July 22, 1981, Shirk filed a motion for summary judgment and an attached affidavit in support of the allegations of the petition and bill of particulars, and also a statement of uncontested issues. This statement quoted the second sentence of rule 99. A copy of the motion was mailed to Peterman rather than to his attorney. Rule 238 of the rules of civil procedure states that copies shall be delivered in accordance with rule 82, and rule 82(*b*) states that service upon a party represented by an attorney shall be made upon the attorney unless the court orders service upon the party.

On August 3, 1981, the district court ordered that a hearing be held on the motion on August 17, 1981. The clerk mailed copies of this order to both attorneys. Hence Peterman's attorney knew about the motion for summary judgment shortly after this mailing—if he did not sooner learn from Peterman about the motion.

On August 5, 1981, Peterman's attorney filed a *motion* unsupported by affidavit, asking for a continuance to permit discovery in order to resist the motion for summary judgment. On August 6, 1981, Shirk filed a resistance alleging that Peterman had failed to show an issue of fact to be tried. On August 10, 1981, the district court overruled the motion for continuance, stating that Peterman had "admitted the allegations of the petition at this point."

On August 11, 1981, Peterman filed an *application* for continuance of the hearing to be held on August 17, 1981, stating that his attorney had a conflicting engagement on that date. Shirk filed a resistance. We do not find that this application was expressly ruled on, although it was necessarily denied by the court's subsequent rulings on Peterman's motion for reconsideration of the ruling refusing a continuance and on Shirk's motion for summary judgment.

On August 12, 1981, Peterman filed a motion asking the court to reconsider its overruling of the *motion* for continuance, stating that contrary to such ruling, the allegations of the petition were not admitted. Shirk filed a resistance. On August 13, 1981, the court overruled the motion to reconsider and stated:

> This is a suit on an open account and contains a bill of particulars. In plaintiff's supporting statement and memo-

randum plaintiffs set out I.R.C.P. 99 which states: "A pleading controverting such open account must specify the items denied, <u>and any items not thus specified shall be admitted</u>." (Emphasis supplied)

The defendant has not filed opposing affidavit. The rule is well established an adverse party may not rest upon the mere allegations and denials of pleadings, but his response by affidavits must set out specific facts showing there is genuine issue for trial. See also I.R.C.P. 183(b).

(Underlining in original.)

On August 21, 1981, the district court sustained the motion for summary judgment and entered judgment for Shirk for $10,470.14 plus interest and costs.

On August 31, 1981, Peterman filed a detailed motion with attached affidavits and supporting statement, under rule 179(*b*) of the rules of civil procedure. In the affidavits Peterman and his bookkeeper stated that Peterman had been shorted approximately 8,320.5 gallons of product. Peterman asked for a new hearing and a different judgment on the motion for summary judgment. On September 2, 1981, Peterman filed an application for an injunction restraining levy of execution under the judgment previously entered. On September 3, 1981, Shirk filed a motion to strike and resistance as to the motion, and a resistance as to the application.

On October 26, 1981, after hearing, the district court overruled Peterman's motion under rule 179(*b*) and application for temporary injunction. Peterman appealed.

Shirk contended by motion in this court that the appeal should be dismissed as untimely taken. This court overruled the motion. He urges the same contention on submission of the appeal, but we adhere to the prior ruling.

We therefore proceed to the merits of the appeal. Peterman advances four propositions.

■ I. Peterman first claims that the district court did not have jurisdiction to rule on the motion for summary judgment,

as it was not properly served. We think the mailing of a motion to a party rather than to his attorney is not jurisdictional and does not deprive the court of power to proceed unless the party sustains prejudice as a result of the mailing to the party. The two cases Peterman cites are of the latter character, *Fortner v. Balkcom,* 380 F.2d 816 (7th Cir.1967), and *In re Hewitt Grocery Co.,* 33 F.Supp. 493 (D.Conn.1940). In *Fortner* a notice of deposition was mailed to a prisoner rather than to his attorney. The attorney did not learn of the deposition and did not appear for it to the prisoner's prejudice. In *Hewitt Grocery* a similar situation existed—the attorney did not receive notice or knowledge of a hearing and did not appear.

■ In this case the district court could have ordered the motion mailed to Peterman himself in the first place. Peterman's attorney received knowledge of the motion when the clerk mailed him notice of hearing on it—if Peterman did not bring him the motion sooner. When Peterman's attorney filed a motion to continue the hearing on the motion for summary judgment, the district court necessarily knew the attorney had the motion, and the court could rightfully proceed with the motion for summary judgment although that motion had originally been mailed to Peterman—especially since the hearing date for the motion for summary judgment was still twelve days distant at the time the motion for continuance was filed. *See* Iowa R.Civ.P. 237(*c*) ("The motion [for summary judgment] shall be filed at least ten days before the time fixed for hearing.").

We hold that the court had jurisdiction to proceed with the summary judgment motion.

■ II. Peterman next claims that the district court erred in overruling his original motion for a continuance to enable him to engage in discovery prior to the hearing on the motion for summary judgment. Rule 237(*f*) states:

Should it appear from the affidavits of a party opposing the motion that he can-

not for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

See Carter v. Jernigan, 227 N.W.2d 131, 135 (Iowa 1975). Peterman did not show by affidavit that discovery was necessary; his motion for continuance was not supported by affidavit. Whether discovery was in fact necessary in order for Peterman to resist the motion for summary judgment is in some doubt; when he filed his subsequent motion under rule 179(b), he was able to attach affidavits relative to shortage of product.

Equally important on this claimed error is Peterman's failure to comply in his answer with rule 99 by specifying the items of the account denied. Shirk quoted this part of rule 99 in his statement of uncontested issues attached to his motion for summary judgment, but Peterman did not amend his answer to comply with rule 99. Stating that Peterman had "admitted the allegations of the petition at this point," the district court overruled the motion for continuance. The court did not abuse its discretion in doing so.

III. Peterman's third proposition is that the district court erred in sustaining Shirk's motion for summary judgment.

■ After the court overruled Peterman's motion for continuance and Peterman filed a motion for reconsideration of that ruling, the court overruled the latter motion and quoted verbatim the sentence of rule 99 that a pleading controverting an open account must specify the items denied "and any items not thus specified shall be admitted." Still Peterman did not amend his answer.

Rule 237(c) on summary judgments states in pertinent part:

The adverse party prior to the day of hearing may file opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Shirk's petition alleging its itemized account was before the district court, as well as its summary judgment motion supported by affidavit. Peterman filed no resistance to the motion, and no affidavit. In addition, while Peterman's answer denied the paragraphs of the petition, Peterman did not specify the items of the account denied. Under rule 99 all items of the account thus stood admitted. This is the tenor of the decisions having similar statutes in various forms. Carpenter Land Improvement Corp., 237 Miss. 781, 784, 116 So.2d 228, 229 (1959); Sanders & Alexander, Inc. v. Jones, 221 Miss. 143, 147, 72 So.2d 240, 241 (1954); Checotah Hardware Co. v. Housel, 169 Okla. 112, 114, 35 P.2d 966, 967 (1934). See John Simmons Co. v. Well Diggers, Inc., 206 Misc. 874, 875, 135 N.Y.S.2d 538, 539 (1954).

The district court properly sustained the motion for summary judgment.

■ IV. Peterman claims finally that he was denied due process of law because the district court was not impartial, he was denied an opportunity to prepare a response to the motion for summary judgment, and his attorney was unable to attend the summary judgment hearing. Far from being partial, the district court went as far as it could judiciously go in pointing out to Peterman the problem with his answer. The contention of lack of opportunity to prepare a response is belied by Peterman's detailed motion under rule 179(b), supported by affidavits and brief; after summary judgment was granted Peterman sprang into action. As to absence of Peterman's attorney at the summary judgment hearing, the attorney had adequate advance notice of the hearing and of the ruling denying a continuance. With the press of scheduling that the district courts have, attorneys have some obligation to make themselves availa-

ble on adequate advance notice, or to try to arrange to have the hearing covered by someone else or on a written argument. An attorney who files an application for continuance and does not obtain an affirmative advance ruling on it by the court or an agreement for continuance by opposing counsel, and simply fails to appear at a scheduled hearing, takes a considerable gamble. Moreover, in this particular case we do not see how Peterman was prejudiced in view of his noncompliance with rule 99.

We note in the record that when the district court set the hearing on Peterman's motion under rule 179(b), Peterman again moved for a continuance because of a conflicting engagement of his attorney, and this occurred still again when the court set down a later motion. Peterman's attorney may have taken on more business than he can handle without interfering with the district court's orderly disposition of its work.

The acts of the district court did not constitute an unconstitutional denial of due process of law.

We find no error.

AFFIRMED.