**In re the Marriage of Scott Lee COOPER, Appellant,**

and

**Karen Elaine COOPER, n/k/a Karen Elaine Smith, Appellee.**

No. 04CA1526.

Colorado Court of Appeals, Div. I.

April 7, 2005.

Law Office of M. Stuart Anderson, P.C., Stuart Anderson, Salida, Colorado, for Appellant.

No Appearance for Appellee.

LOEB, J.

In this postdissolution of marriage proceeding, Scott Lee Cooper (father) appeals from the trial court's order allocating parental responsibilities for two of his children to Karen Elaine Cooper, now known as Karen Elaine Smith (mother), and modifying child support accordingly. We vacate the order.

Father and mother are the parents of four children. Upon dissolution of their marriage in 2001, the court ordered that they should jointly share major decision-making responsibilities for the children and share parenting time approximately equally, as set forth in their separation agreement.

In April 2004, mother filed a motion seeking allocation to her of full parental responsibilities for the two younger children. Mother mailed copies of the motion and the notice of hearing date to father at an address in California, but did not send copies to father's attorney.

Father's attorney learned of the hearing while he was present in the courthouse on another matter. He advised the court that he had not been served and had not had any recent contact with father, but, because he had not yet withdrawn, he still technically represented father. On behalf of father, the attorney objected to the proceeding on the ground of lack of notice. Over objection of father's counsel, the court proceeded with the hearing.

Upon inquiry by the court, mother testified that father refused to communicate with her and that she had not received any response from him indicating that he had received notice of the proceedings. She testified she had sent the notices by certified mail to an address in California that had been provided by mutual friends and that someone had signed for the "first thing," but not the second.

Mother further testified that when the older children had called her the previous Christmas, they had told her that they and father were in California at that time. However, she also testified that she believed father was no longer in California because one of the older children had told her during a more recent telephone call that they were in Montana.

In its order, the court found that mother had "attempted successfully to serve" father with notice of the motion. The court then ordered that parental responsibilities for the two younger children should be allocated to mother, that parental responsibilities for the two older children should be allocated to father, and that child support should be modified accordingly. This appeal followed.

■ Father contends the trial court erred in conducting a hearing on mother's motion without proper notice to him. We agree.

■ Pursuant to C.R.C.P. 121 § 1–15(1), except for motions made during trial or where the court determines an oral motion to be appropriate, all motions must be in writing and must be served on all other parties. Pursuant to C.R.C.P. 5(b), whenever service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless personal service upon the party is ordered by the court. Thus, if a party has employed an attorney to present his or her defense to claims in litigation, and notice of this representation by entry of appearance has been given to the opposing party and the court, all notices required to be given in relation to the matters in controversy must be given to the attorney of record. *See Mountain States Tel. & Tel. Co. v. Dep't of Labor & Employment,* 184 Colo. 334, 338, 520 P.2d 586, 589 (1974); *see also People v. Buscarello,* 706 P.2d 805, 806 (Colo.App.1985)(under C.R.C.P.

5(b), it is not sufficient to mail notice to a different office of the district attorney than that specified in the pleadings).

 Fed.R.Civ.P. 5(b), like its Colorado counterpart, provides that when a party is represented by an attorney, service shall be made upon the attorney unless service on the party himself or herself has been ordered by the court. We often look to a similar federal rule for guidance in interpreting our own rules. *State v. Buckley Powder Co.*, 945 P.2d 841, 844 (Colo.1997).

Federal courts have held that when service upon a party's counsel is required pursuant to Fed.R.Civ.P. 5(b), service upon the party himself or herself is insufficient. *See Avolio v. County of Suffolk*, 29 F.3d 50 (2d Cir. 1994)(where a party is represented by counsel, Fed.R.Civ.P. 5(b) requires that notice of entry of judgment be received by counsel, not the party); *Copeland v. Brennan*, 414 F.Supp. 644, 646 (D.D.C.1975); *In re Hewitt Grocery Co.*, 33 F.Supp. 493, 494 (D.Conn.1940)(notice of hearing sent to receiver but not receiver's counsel did not comply with F.R.C.P. 5(b)).

We have found only two cases from states having a rule substantially similar to C.R.C.P. 5(b) and Fed.R.Civ.P. 5(b) that are instructive on the issue. In *Moores v. Doyle*, 829 A.2d 260 (Me.2003), the Supreme Judicial Court of Maine concluded that where a motion for relief from judgment was mailed to a party and not to his attorney of record, the party's timely objection both to the sufficiency of service and the merits of the motion indicated that he had had both timely and actual notice of the motion, and accordingly, the technical deficiency in the service of the motion under Maine's counterpart to C.R.C.P. 5(b) was harmless error. *See also Shirk Oil Co. v. Peterman*, 329 N.W.2d 13 (Iowa 1983)(mailing of motion to party but not party's attorney was not prejudicial where notice of hearing on motion was mailed to party's attorney).

 Here, by contrast, although the trial court found that mother had "attempted successfully to serve" father, the evidence that mother mailed the motion and notice of hearing to an address in California that she be-lieved was father's was insufficient to prove that father received actual notice of the proceeding. Moreover, unlike the situation in *Moores*, father's attorney was unable to contest the merits of the motion because he did not receive notice of it and had not had an opportunity to discuss it with his client. Under these circumstances, we cannot conclude that mother's failure to serve father's attorney of record was harmless error. *See Shirk Oil Co. v. Peterman, supra.* We acknowledge that, in an appropriate case, service upon a party rather than upon his attorney of record may be harmless error. *See* C.R.C.P. 61. However, we are not persuaded that this is such a case.

Accordingly, we conclude that service on father was insufficient pursuant to C.R.C.P. 5(b) and that the court thus erred in proceeding with the hearing.

The order is vacated.

Judge MARQUEZ and Judge CARPARELLI concur.