## WOLF AARON ET AL. *v.* JOSEPH PODESTA.

1. PRACTICE. *Account sworn to. No denial by affidavit. Sect. 1627, Code 1880, construed.*

Sect. 1627 of the Code of 1880 provides that in any action upon an open account, to which is attached the affidavit of the plaintiff that the account is correct and due by the defendants, the plaintiff shall be entitled "to judgment at the trial term, unless the defendant shall make affidavit, and file with his plea, that the account is not correct, particularizing wherein it is not correct, in which event the affidavit to the account shall entitle the plaintiff to judgment for such part of said account as the defendant, by his affidavit, shall not deny to be true." P. brought an action before a justice of the peace, upon an open account sworn to as provided in this statute, and obtained judgment by default against the defendant. But the latter appealed to the Circuit Court, and there the plaintiff moved for judgment, on the ground that the defendant had not filed any affidavit denying the correctness of the account, or any part thereof. The defendant opposed the motion, and asked to have the case submitted to a jury for a trial; but the motion was granted and judgment rendered for the plaintiff. *Held,* that the defendant was not precluded by the statute from interposing, as a defence to the action, affirmative matter in confession and avoidance; and as he demanded that the case be submitted to

a jury for trial, it must be presumed that it was for the purpose of making some permissible defence.

2. SAME. *Judgment under sect. 1627, Code 1880. Rule of evidence.*

The rule which entitles a plaintiff to a judgment under the provisions of sect. 1627 of the Code of 1880 is a rule of evidence, and not one of pleading or practice.

APPEAL from the Circuit Court of Sharkey County.

Hon. B. F. TRIMBLE, Judge.

Joseph Podesta brought an action before a justice of the peace against Wolf Aaron, upon an itemized open account, to which was attached the affidavit of the plaintiff that the account was correct and due by the defendant. · The defendant did not put in an appearance in the justice's court and a judgment by default was rendered against him. The defendant appealed the case to the Circuit Court ; and then the plaintiff moved the court for a judgment against the defendant on the ground that the account sued on was " duly sworn to according to the statute, and the said defendant has filed no sworn denial of said account, or of any item thereof."

" But," as the bill of exceptions recites, " the defendant, by his counsel, objected to the motion being allowed, and insisted that said cause should be submitted to a jury for trial." The court, however, overruled the objection, and rendered judgment against the defendant and the sureties on his appeal-bond for the amount claimed by the plaintiff.

The controversy in this action is dependent upon the construction of sect. 1627 of the Code of 1880, which provided as follows : "Any person desiring to institute suit upon any open account in any court of this State having jurisdiction of the amount, may go before any justice of the peace of this State, or any other State, or other officer authorized by law to administer oaths, and make affidavit to the correctness of such account, and that it is due from the party against whom it is charged ; and in any suit upon such an account thus sworn to, the affidavit of the party in whose favor the account is stated, or his agent, made as aforesaid, and attached to the account, shall

entitle the plaintiff to judgment at the trial term of the suit, unless the defendant shall make affidavit and file with his plea, that the account is not correct, particularizing wherein it is not correct, in which event the affidavit to the account shall entitle the plaintiff to judgment only for such part of said account as the defendant by his affidavit shall not deny to be due.''

*Miller & Hirsh*, for the appellants.

It is submitted that under the statute a person appealing to the Circuit Court is entitled to a trial *de novo* upon the merits, and it must be assumed, on appeal from a justice court, where no pleadings are required, that the defendant interposes a defence, that he pleads to the action. We insist that the whole scheme and purpose of the act in relation to sworn accounts was to dispense with the necessity of taking depositions or proofs in support of undisputed accounts, by making them evidence ; that it was not intended to change the form of procedure, or the mode of trial; that it was not intended to impart any virtue to the accounts, so sworn to, other than is possessed by notes, bills, or other demands that prove themselves. If the purpose of the act was to dispense with proof of the account merely, it is soon enough to object to negative testimony when such is offered. If nothing else is offered the plaintiff would be entitled to a verdict and judgment; but a person so sued may still, as we understand the law, without affidavit, make defences which arise by way of confession and avoidance, such as payment, release, accord and satisfaction, and the like. See *Reinhardt* v. *Carter*, 49 Miss. 315. Also *Bower* v. *Henshaw*, 53 Miss. 345. In this case his honor, Judge Chalmers, says : '' The sole object of the statute is to dispense with proof of the original correctness of the account, except where the defendant shall give notice by his affidavit that he proposes to deny it. Its only effect is to make the account to some extent an account stated.''

*Frank Johnston*, for the appellee.

There is no merit in the appeal. The statute, in express terms, declares the plaintiff entitled to a judgment, in the

event the defendant does not file a counter affidavit. Code 1880, sect. 1627. There was no issue to try; nothing to submit to a jury. It was technically correct for the court to award judgment for want of the affidavit, just the same as it would for the want of a plea. This court clearly contemplated a motion for judgment as the proper mode, where a plaintiff desired to take advantage of defendant's failure to file an affidavit, and that, even where a plea of *non assumpsit* had been interposed. *Bloom* v. *McGrath & Compton*, 53 Miss. 256. The statute contemplates, where the plaintiff files an affidavit to the correctness of an account, that the defendant shall file a counter-affidavit, specifying wherein it is not correct. A specific denial of particular items would put them alone in issue. Where a general denial, under oath, of the correctness of the account, without particularizing, would probably put the relation of debtor in issue. This was said under the Code of 1871, and amendment of 1875, in *Tichnor* v. *Wheel Co.*, 54 Miss. 591. But, certainly, where there is no affidavit whatever, in the words of the statute, the plaintiff is entitled to a judgment. This, for the want of a counter-affidavit.

The bill of exceptions shows that the defendant resisted the motion. But it does not pretend that the defendant objected on the ground that he had an oral plea, or any defence to be tried in the case We have a right to presume that he had no such idea, and moreover, that the court was fully advised that there was no such oral pleadings as the learned counsel conjectures in his argument.

COOPER, J., delivered the opinion of the court.

Sect. 1627 of the Code of 1880 gave to open accounts sued on, when supported by the oath of the plaintiff attached thereto and filed with the account, a conclusive effect as testimony, unless the defendant should controvert their correctness by his oath as therein provided. This is, however, a rule of evidence, and not one of pleading or practice, and the de-

fendant is not precluded from interposing affirmative matters in confession and avoidance as a defence to the suit.

In *Reinhardt* v. *Carter et al.*, 49 Miss. 315, it was held, under a statute substantially similar to this, that the defendant was entitled to have his case submitted to a jury, though the only plea interposed to an action on a sworn account was that of *non assumpsit.* The case now under consideration was commenced before a justice of the peace, and neither before the justice nor in the Circuit Court on appeal, was the defendant required to plead in writing. He demanded that the case should be submitted to a jury for decision as he had the right to have done, and we must presume this was for the purpose of making some defence to the suit; in any event it was a question of fact which was to be decided, and questions of fact are to be determined by the jury and not by the court, however strong may be the evidence by which the issue on the part of one or the other of the litigants is supported.

The judgment is reversed.