GULF & S. I. R. CO. *v.* KELLY.

[95 South. 131.   No. 23033.]

1. ACCOUNT, ACTION ON. *Defendant failing to file affidavit disputing account not foreclosed on all defenses.*

Section 1978, Code 1906 (Hemingway's Code, section 1638), providing that a person suing on an open account may make affidavit to the correctness of such account, and that it is due from the defendant, and that such affidavit attached to the account shall entitle the plaintiff to judgment at the trial term of the court unless the defendant make affidavit and file with his plea that the account is not correct, particularizing wherein it is not correct, etc., gives the account sued on and so supported by plaintiff's affidavit conclusive effect as evidence unless the defendant should controvert its correctness by counter affidavit as provided by the statute; but said statute does not provide a rule of pleading and practice but a rule of evidence, and, where the defendant fails to file the affidavit provided by the statute, he is not cut off from making any and all defenses to plaintiff's action.

2. ACCOUNT, ACTION ON. *Defendant failing to file counter affidavit not precluded from showing that contract sued on not executed.*

Such statute applies alone to suits upon open accounts, and one of its purposes is to relieve the plaintiff from the trouble and expense of proving each item of the account sued on where he makes the affidavit provided by the statute, and where the counter affidavit therein provided for is not made by the defendant. And, when such affidavit is made by the plaintiff, and no such counter affidavit is interposed by the defendant, the latter is not precluded from showing by way of defense that he never made the contract which is the basis of the account sued on.

APPEAL from circuit court of Forrest county.

HON. R. S. HALL, Judge.

Action by W. L. Kelly against the Gulf & Ship Island Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

*B. E. Eaton* and *T. J. Wills,* for appellant.

*F. M. Hunt,* for appellee.

Anderson, J., delivered the opinion of the court.

This is an appeal by the Gulf & Ship Island Railroad Company from a judgment of the circuit court of Forrest county for eighty dollars and costs in favor of appellee, W. L. Kelly, which cause originated in the court of a justice of the peace, where a judgment was also rendered in favor of appellee, from which the appellant appealed to the said circuit court. At the conclusion of the evidence for appellee the court directed a verdict in appellee's favor which was accordingly returned, and the judgment appealed from entered thereon.

The claim upon which suit was based is in the form of an open account in favor of appellee against appellant, and is in the following language:

"Hattiesburg, Miss., Jan. 21, 1922.

"Gulf & Ship Island Railroad Co., a Mississippi corporation, to W. L. Kelly, Dr. To night watching for 20 nights in September and October, 1921, at $4.00 per night, $80.00."

There was attached to this account an affidavit by appellee, in the usual form, of its correctness, and that it was due from appellant.

Appellee testified in his own behalf. In addition one Henry Gray testified for appellee. This was all the evidence introduced by the appellee except the account sued on with the affidavit attached thereto. The appellee and the witness Gray testified that the latter was night watchman for appellant at Hattiesburg; that appellant's freight cars were being burglarized at that place; that the witness Gray had authority from appellant's superintendent to employ appellee to assist him in detecting and arresting persons burglarizing appellant's cars; that appellee's wages for his services were not agreed upon, except that the witness Gray told him it would be from three dollars to four dollars a day; that appellee under this employment worked as night watchman about the yards of appellant in Hattiesburg in conjunction with the witness Gray for twenty nights. At the conclusion of appellee's evidence

both appellee and appellant moved the court for a directed verdict.  Before said motions were passed upon by the court, however, appellant proposed to introduce evidence denying that it made any contract of employment with appellee to render the service for which he sued, and therefore that appellant was not liable to appellee for any amount whatsoever.  The court refused to permit appellant to make any further defense to the suit of any character, on the ground that, the appellant having failed to file an affidavit as provided by section 1978, Code of 1906 (Hemingway's Code, section 1638), denying the correctness of the account sued on, appellee was entitled to a judgment.  Later the court directed the jury to return a verdict for the appellee.  The statute in question is in this language:

"A person desiring to institute suit upon an open account in his favor, may make affidavit to the correctness of such account, and that it is due from the party against whom it is charged; and in any suit thereon such affidavit attached to the account shall entitle the plaintiff to judgment at the trial term of the suit, unless the defendant make affidavit and file with his plea that the account is not correct, particularizing wherein it is not correct, in which event the affidavit to the account shall entitle the plaintiff to judgment only for such part of the account as the defendant by his affidavit shall not deny to be due; but this shall not apply to accounts against decedents and suits against executors or administrators.  A defendant desiring to use an open account as a set-off shall be entitled to the benefit of this section."

In *Aaron* v. *Podesta,* 60 Miss. 82, the court in passing on the purpose and effect of this statute said that it gave to an account sued on, when supported by the plaintiff's affidavit thereto attached, a conclusive effect as evidence unless the defendant should controvert the correctness of the account by the oath provided by the statute.  But the court said further that the statute provided a rule of evidence, and not one of pleading and practice, and did not

preclude the defendant from making any and all defenses.

It will be noted that the statute applies alone to suits upon open accounts. The purpose of the statute is to relieve the plaintiff from the trouble and expense of proving each item of the account sued on where he makes affidavit to it as provided by the statute, and where the defendant by counter affidavit has failed to deny the correctness of the account as provided by the statute. The failure of the defendant to interpose such a counter affidavit does not bar him from showing by way of defense that he never made the contract which is the basis of the account sued on. In other words, the defendant is not cut off from showing that none of the items of the account is due by him because he never made the contract out of which they grew.

It follows from these views that the trial court erred in refusing to permit appellant to introduce the evidence which it proposed to introduce, and in directing a verdict for appellee.

*Reversed and remanded.*