GRIFFITH *v.* GOODIN.

(In Banc. Nov. 24, 1947. Suggestion of Error Overruled Feb. 9, 1948.)

[32.So. (2d) 743. No. 36582.]

Hugh Barr Miller, of Jackson, for appellant.

H. C. Stringer, of Jackson, for appellee.

**L. A. Smith, Sr., J.**, delivered the opinion of the court.

This case began in the court of a justice of the peace of Copiah County, wherein a default judgment was rendered against appellant, who appealed to the Circuit Court, in which court judgment was also rendered against him, and he appealed here.

The statement of his claim against appellant is in words and figures as follows:

"Nov. 12, 1946

"J. M. Griffith

"To D. J. Goodin                                           Dr.

.     .     .     .     .     .     .     .     .     .

"For Professional Services rendered as private detective at the special instance and request of J. M. Griffith . . . . . : . . 200.00 . . . . . . . . reasonable value."

This statement was accompanied by an affidavit that the account for $200 was the correct amount due from Griffith and unpaid

In the circuit court, appellant filed a plea of the general issue, and a special plea not necessary to discuss. He filed no counter affidavit.

At the trial in the circuit court, appellee introduced his pleading, and the entire transcript of the proceedings in the court of the justice of the peace, and rested. Thereupon, appellant made a motion for a peremptory instruction on the ground that there was no proof of appellee's claim before the jury. This motion was overruled on the theory that the demand of appellee against appellant was an open account, sworn to, and against which no counter affidavit had been filed. Section 1754, Code 1942.

Appellant then undertook to introduce proof in defense of his liability, which the court would not allow. There was certain skirmishing between counsel involving the right of filing a counter affidavit at that particular period of the trial, and the introduction and exclusion of testimony, none of which is of importance, in view of our conclusion here. The jury brought in a verdict in favor of appellee for the full amount, pursuant to a peremptory instruction from the court to find for the plaintiff there, the appellee here. A motion for a new trial was overruled.

Section 1754, Code 1942, is a rule of evidence and "not one of pleading and practice, and did not preclude the defendant from making any and all defenses," as further stated in the opinion in Gulf & S. I. R. Co. v. Kelly, 131 Miss. 133, 95 So. 131, 132. It will be noted that while the statement at bar is dated as of the date of its filing in the justice of the peace court, there is no date whatever in the statement as to the time the alleged services were rendered, nor is there any showing therein whether it was one service or several services. Section 1812, Code 1942, provides that: "Any one desiring to sue before a justice of the peace shall lodge with him the evidence of debt, statement of account, or other written statement of the cause of action; . . ."

A long time ago, in Soria v. Planter's Bank, 3 How. 46, this Court said that "the account, required by the statute to be filed with the declaration of the plaintiff, must state distinctly the several items of his claim against the defendant. And here we regard the particular date of the item as a necessary part of that distinctness of item which the statute requires;" and it was also said: "A general statement of account filed with the count for money loaned, 'that the defendant was, before a particular day mentioned in the count, indebted to the plaintiff in 8000 dollars for money before that time loaned," surely, in our judgment, would not be such an account as the statute requires. There is nothing to specify the period of the loan or loans; nor whether there were one or more."

Attention is directed to the fact that this suit before us now is really on a quantum meruit basis, since it concludes with the statement "reasonable value." It is not an open account,—and certainly not such open account as is contemplated by Section 1754, Code 1942, which entitles a plaintiff to judgment unless the defendant makes affidavit and files with his plea that the account is not correct, particularizing wherein it is not correct. So, the action was at issue without any counter affidavit by the appellant.

Therefore, since appellee, as plaintiff below, offered no competent proof to establish either the correctness of his claim against appellant or the liability of the latter therefor, his motion for a peremptory instruction should have been sustained. Accordingly, it was also error to overrule appellant's motion for a new trial. Since this is true, we reverse the judgment of the circuit court and render judgment in favor of the appellant.

Reversed and judgment here for appellant.