SMITH, Justice.
This is an appeal prosecuted on behalf of his ward by Robert L. Paxton, Guardian of Mrs. Lucille A. Paxton, .an incompetent, from a default .judgment of the County Court of Warren County, entered against her on December 18, 1967, in an action brought by appellee, Oscar P. LaBarre.
Appellant here is the same person as Lucille Paxton, appellant in a case decided by this Court on May 19, 1969, styled Paxton v. Paxton and reported in 222 So.2d at page 834. The present suit involves the claim of Oscar P. LaBarre, an attorney, that Mrs. Paxton owes him an aggregate of $1,518 in additional attorney’s fees for services in the former case and in defending her brother on a criminal charge.
In Paxton v. Paxton, supra, the Court referred to the “ * * * affidavit of Dr. Henry R. Nail, Director of Rehabilitation Service of the hospital, which reflects that Mrs. Paxton was examined by the full medical staff of the hospital on October 3, 1968, and in the opinion of the staff she was suffering from a mental illness called schizophrenia paranoid type and that she was dangerous to other people at that time and incompetent to handle her own affairs.” Her son was appointed as her guardian by the Chancery Court of Warren County on December 18, 1968.
The record now before us is sufficient to reflect that there is a strong probability that Mrs. Paxton was mentally incompetent at the time of the entry of the default judgment against her in favor of LaBarre. It is also apparent from the record that the county court entered the default judgment against Mrs. Paxton at a time when she was personally present in court, seeking to defend the action, although without counsel, and that she was denied the right to do so because she had failed to file a counter affidavit as provided by Mississippi Code 1942 Annotated section 1754 (1956). Mississippi Constitution Article 3 section 25 (1890) provides:
No person shall be debarred from prosecuting or defending any civil cause *249 for or against him or herself, before any tribunal in the state, by him or herself, or counsel, or both.
Moreover, in Griffith v. Goodin, 202 Miss. 548, 551, 32 So.2d 743, 744 (1947), a case involving a suit for “detective” fees, this Court commented on the effect of Mississippi Code 1942 Annotated section 1754 (1956), and said:
Section 1754, Code 1942, is a rule of evidence and “not one of pleading and practice, and did not preclude the defendant from making any and all defenses,” as further stated in the opinion in Gulf & S. I. R. Co. v. Kelly, 131 Miss. 133, 95 So. 131, 132.
In Griffith, supra, the Court also said:
Attention is directed to the fact that this suit before us now is really on a quantum meruit basis, since it concludes with the statement “reasonable value.” It is not an open account, — and certainly not such open account as is comtemplat-ed by Section 1754, Code 1942, which entitles a plaintiff to judgment unless the defendant makes affidavit and files with his plea that the account is not correct, particularizing wherein it is not correct. So, the action was at issue without any counter affidavit by the appellant.
Upon formal adjudication of Mrs. Paxton’s incompetency and appointment of a guardian, motions to review and set aside the judgment were made and denied. Assuming, but not deciding, that Mrs. Paxton was mentally competent at the time judgment was taken against her, it appears that she was not in default. Mrs. Paxton was entitled to be heard when she appeared in person to contest appellee’s claim. Moreover, the burden was upon ap-pellee to establish both the correctness of his claim against appellant and her liability therefor. Appellant’s motion to set aside the judgment taken against her by default should have been sustained.
The judgment of the County Court of Warren County, entered December 18, 1967, in favor of appellee against appellant is set aside and the case is remanded to that court for further proceedings not inconsistent with this opinion.
Judgment in favor of appellee against appellant is set aside; case remanded to County Court of Warren County for further proceedings.
RODGERS, P. J., and BRADY, PATTERSON and SUGG, JJ., concur.