499 So.2d 1361 (1986)
Mitchell McLAURIN, et ux,
v.
SMITH'S POULTRY & FARM SUPPLY, INC.
No. 56842.
Supreme Court of Mississippi.
December 17, 1986.
*1362 Franklin C. McKenzie, Laurel, for appellant.
C. Everette Boutwell, Laurel, for appellee.
Before HAWKINS, P.J., and DAN M. LEE and GRIFFIN, JJ.
GRIFFIN, Justice, for the Court:
This case, involving the balance due on an open account, comes to the Court from the Circuit Court of Jones County, Mississippi. The trial judge directed a verdict for Smith's Poultry and Farm Supply, in the amount of $6,809.30, plus $1,000 in attorney's fees, finding the McLaurins' affidavit concerning the amount due insufficient, in that it failed to particularize in what manner the account was incorrect. The jury then awarded the McLaurins $2,500 on their counterclaim for damages resulting from the breach of warranty on the equipment at issue. We reverse.
In November, 1983, Mitchell and Patsy McLaurin purchased a Chore-time Model 2000 Chicken Feeder from Smith's Poultry and Farm Supply on an open account. It is undisputed that at the time of the purchase Smith told McLaurin that he guaranteed the product for one year and that no payment for the feeder was due until it worked properly.
At trial, both sides testified to their version of the facts. Smith stated that he was repeatedly refused payment, though the machine worked as intended. The McLaurins, though, stated that they refused to tender payment in accord with their purchase agreement, when Smith failed to repair the feeder, despite numerous requests for service.
The two sides also disagree as to whether the negotiated purchase price included "complete" installation. Specifically, Smith contends that Mr. McLaurin agreed to pay additional amounts at the time of installation, including, for example, the cost of rewiring the building to accommodate the new feeder, while the McLaurins argue that the quoted price was to represent their total investment for an operational feeder.
After both sides had rested, the trial judge directed a verdict on behalf of Smith's Poultry and Farm Supply, finding that the McLaurins had failed to deny, specifically, the correctness of their account with Smith's store. That part of the McLaurins' affidavit which the judge found insufficient reads as follows:
2. The statement of account filed in said cause by Smith's Poultry & Farm Supply, Inc. is incorrect in that it does not properly reflect charges to said account; the charges to the account are in excess of the agreed price for merchandise and equipment; the account does *1363 not show a set-off or credit for the value of a tiller; and the amount of the account due to the installation of feed lines is not now due.
Though not cited, the trial judge obviously based his decision on Miss. Code Ann. § 13-1-141 (Supp. 1986), which states,
A person desiring to institute suit upon an open account in his favor, may make affidavit to the correctness of such account, and that it is due from the party against whom it is charged. In any suit thereon such affidavit attached to the account shall entitle the plaintiff to judgment at the trial term of the suit, unless the defendant make affidavit and file with his plea that the account is not correct, particularizing wherein it is not correct, in which event the affidavit to the account shall entitle the plaintiff to judgment only for such part of the account as the defendant by his affidavit shall not deny to be due. However this shall not apply to accounts against decedents and suits against executors or administrators. A defendant desiring to use an open account as a set-off shall be entitled to the benefit of this section.

I.
The appellants contend that they denied with sufficient particularity that part of the open account which was incorrect, noting that their affidavit spoke both to the price dispute and to the purchase agreement, which did not require payment until the feeder functioned properly. Yet, due to the parties' agreement requiring payment only upon satisfactory use of the product, the McLaurins' failure to file any counter-affidavit, regardless of particularity, would not have entitled Smith's Poultry & Farm Supply to a judgment.
In Gulf & S.I.R. Co. v. Kelly, 131 Miss. 133, 95 So. 131 (1923), this Court reversed a directed verdict, given when the appellant failed to file an affidavit contesting the amount due on an open account, where the trial judge had ignored the appellant's defense that there was in fact no contract between the parties. The Court stated,
The failure of the defendant to interpose such a counter affidavit does not bar him from showing by way of defense that he never made the contract which is the basis of the account sued on. In other words, the defendant is not cut off from showing that none of the items of the account is due by him because he never made the contract out of which they grew.
Kelly 95 So. at 132. Although Kelly involved § 1978, Code of 1906, its provisions are identical to § 13-1-141 (1972).
In Aaron v. Podesta, 60 Miss. 82 (1882), the Court held that Section 1627, Code of 1880, again like § 13-1-141 (1972), provided a rule of evidence and not a rule of pleading and practice; consequently, it did not preclude the defendant from asserting his defenses. Similarly, in Stockstill v. Gerson, 35 So.2d 60 (Miss. 1948), there was a dispute as to whether the appellant ordered, purchased or received the goods sued on. The Court stated, "Under such circumstances, a counter affidavit may not have been required as the plea of the general issue would have carried the case to the jury on the issue of liability if the evidence justified it." Stockstill at 60. Also, in Sanders & Alexander, Inc. v. Jones, 221 Miss. 143, 150, 72 So.2d 240, 242 (1954), the Court said, "Failure of defendant to file a counter-affidavit precluded him from questioning the correctness of the account, but not liability on any contract." See also, Carpenter Land Improvement Corp. v. Arnold, 237 Miss. 781, 116 So.2d 228 (1959). These cases demonstrate that the failure to file a proper counter-affidavit does not preclude a defendant from asserting any defenses he may have to the claim underlying the open account.
Here, both sides agreed that there was no liability on the part of the McLaurins to pay for the feeder system until it worked properly. Upon conflicting evidence, there was a jury question as to the feeder's operation. Should the jury have resolved the question of fact in favor of the McLaurins, they would have had no contractual obligation to pay Smith's Poultry *1364 & Farm Supply. Therefore, it was error to grant a directed verdict based upon the insufficiency of the counter-affidavit.

II.
Regarding the counterclaim, the McLaurins sought $369, the price of a tiller purchased by them at Smith's store, though not on their open account, and $5,000 in consequential damages resulting from a breach of warranty on the tiller. Also, they sought $10,000 in actual damages, resulting from a breach of warranty on the feeder. The jury awarded the McLaurins $2,500 in damages.
Mississippi recognizes the existence of three warranties on goods, all of which are applicable here: Miss. Code Ann. §§ 75-2-313 (express warranties), 75-2-314 (implied warranty of merchantability), and 75-2-315 (implied warranty of fitness for a particular purpose). Nevertheless, the award of damages for their breach must be reversed. As we reverse on the primary claim to determine whether the feeder worked properly upon installation, or, if improperly, whether the McLaurins notified Smith's Poultry & Farm Supply of such, so we reverse on the counterclaim, since it is necessarily contingent upon the findings of fact in the primary claim. As to the tiller, there is simply no evidence to support the award of consequential damages.
REVERSED AND REMANDED.
ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
WALKER, C.J., not participating.