512 So.2d 695 (1987)
L.C. WALKER
v.
CLEVELAND LUMBER COMPANY, Inc.
No. 56886.
Supreme Court of Mississippi.
September 9, 1987.
James W. Burgoon, Jr., Fraiser, Burgoon & Abraham, Greenwood, for appellant.
Boyd P. Atkinson, Cleveland, for appellee.
Before ROY NOBLE LEE, P.J., and SULLIVAN and GRIFFIN, JJ.
*696 GRIFFIN, Justice, for the Court:
L.C. Walker appeals the order of the Tallahatchie County Circuit Court wherein the trial court granted plaintiff, Cleveland Lumber Company, Inc.'s motion for summary judgment pursuant to Rule 56 of the Mississippi Rules of Civil Procedure, and entered judgment on the pleadings against the defendant, Walker, in the amount of $5,273.64, plus $750.00 attorney's fees, together with all costs and interest.
As error, Walker claims the lower court should not have granted plaintiff's motion for summary judgment in an open account action in which he filed a general denial, a counter-affidavit in support thereof, and an affirmative defense that no account existed between the parties.
This Court has held that a general denial in and of itself is sufficient in a cause of action such as the case at bar to put into issue the defendant's liability. McLaurin v. Smith's Poultry & Farm Supply, 499 So.2d 1361 (Miss. 1986). Further, as we have said on numerous occasions heretofore, the requirement for an affidavit as to the accuracy of an account is a rule of evidence only. See, e.g., Sanders & Alexander, Inc. v. Jones, 221 Miss. 143, 72 So.2d 240 (1954); Britton v. Magnolia State Casket & Supply Co., 210 Miss. 264, 49 So.2d 404 (1950); Parker v. Thornton, 206 Miss. 662, 40 So.2d 538 (1947); Aaron v. Podesta, 60 Miss. 82 (1882). A counter-affidavit is necessary only if a debt is admitted but is alleged to be inaccurate. The affidavit should point out the inaccuracies therein, and has no relation to the general denial of the debt. Thus, the trial judge should not have granted plaintiff's motion for summary judgment where defendant had met the minimum standards under pleadings in an open account action as required by our law.
Accordingly, we reverse the decision of the lower court and remand this cause of action for further proceedings below.
REVERSED AND REMANDED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, and ANDERSON, JJ., concur.
ROBERTSON, PRATHER and SULLIVAN, JJ., concur by separate opinion.
ROBERTSON, Justice, concurring:
I concur that the judgment entered by the Circuit Court must be reversed and this case remanded for further proceedings. Because I find the majority opinion confusing and incomplete, I write separately.
My point of beginning is the ruling of the Circuit Court. What happened is this: A pre-trial hearing was held on Defendant's motion in limine. At that hearing Plaintiff, Cleveland Lumber Company, Inc., orally[1] moved for summary judgment. The Circuit Court converted the motion into one for judgment on the pleadings[2] and granted judgment in favor of the Plaintiff. The basis for the Circuit Court's ruling was its conclusion that Defendant, L.C. Walker, was precluded from presenting at trial his only defense, to-wit: that the relationship between Cleveland Lumber and himself was in the nature of an oral contract, not *697 an open account. The Circuit Court grounded this conclusion in Walker's failure to plead this "defense." More generally, the Circuit Court held that "oral contract" was an affirmative defense which had to be pleaded if it were to be asserted and relied upon at trial, citing Rule 8(c), Miss.R.Civ.P. The operative language of Walker's Answer is that
By way of affirmative defense, Defendant would show that he has not purchased anything from Plaintiff on open account, or otherwise.
The Circuit Court held that this is not sufficient to comply with Rule 8(c) and put Cleveland Lumber on notice that Walker would assert at trial that the relationship between the two was oral contract, not open account.
Rule 8(c), in pertinent part, provides:
In pleading to a preceding pleading, a party shall set forth affirmatively ... [listing a number of well-known affirmative defenses] and any other matter constituting an avoidance or affirmative defense.
Oral contract is not one of the specific defenses enumerated in Rule 8(c).
A "matter constituting an avoidance of affirmative defense," as I understand the concept represented by that language, is a matter in the nature of a defendant pleading: "Assuming everything the plaintiff says is true, I will establish this separate and additional proposition, and if I do so, I win." A matter is an "avoidance or affirmative defense" within the meaning of the rule only if it assumes that the plaintiff proves everything he alleges. Conversely, if, in order to succeed in the litigation, the defendant depends upon the plaintiff being unsuccessful on all or part of his claim, the matter is not an avoidance or an affirmative defense. Where the defense in whole or in part denies what plaintiff has alleged, it is not an affirmative defense.
For example, we recently held that discharge in bankruptcy is an affirmative defense within the meaning of Rule 8(c). Bell v. First Columbus National Bank, 493 So.2d 964, 968 (Miss. 1986). Although bankruptcy discharge is specifically enumerated in the rule, the reason it is an affirmative defense is that it is a matter which says, even though plaintiff proves everything he alleges, if defendant proves discharge in bankruptcy, defendant wins. The same is true of accord and satisfaction, assumption of risk, statute of limitations, as well as the many other specific defenses expressly or impliedly within the rule.
Here Plaintiff, Cleveland Lumber Company, Inc., pleaded an open account. Defendant Walker denied that he had purchased anything from Cleveland Lumber on open account or otherwise. If Walker prevails in this denial, that will mean that Cleveland Lumber has failed to establish that the nature of the relationship between the two was "open account." For this reason, oral contract is not an affirmative defense and did not have to be specifically pleaded.
In my view, the Circuit Court erred in holding that Walker was barred from contending at trial that there was an oral contract relationship, not an open account.
This works no unfairness to Cleveland Lumber, for the scheme of the Mississippi Rules of Civil Procedure is by now well-known. If a plaintiff, such as Cleveland Lumber, wants to know the basis of Walker's denial, it should file and serve an appropriate interrogatory or other discovery request. Stanton & Association, Inc. v. Bryant Construction Co., 464 So.2d 499, 505-06 (Miss. 1985); Red Enterprises, Inc. v. Peashooter, Inc., 455 So.2d 793, 796 (Miss. 1984).
Of course, once we hold that the motion for judgment on the pleadings should have been denied, the case proceeds to the summary judgment stage. The case was not appropriate for disposition via summary judgment for the affidavit of L.C. Walker dated August 7, 1984, serves to establish that there are genuine issues of material fact precluding the granting of summary judgment. See Mississippi Road Supply Co. v. Zurich American Insurance Co., Inc., 501 So.2d 412, 414 (Miss. 1987); Bush v. Mullen, 478 So.2d 313, 315 (Miss. 1985); Brown v. Credit Center, Inc., 444 So.2d 358, 362 (Miss. 1983). Cleveland Lumber's *698 oral motion, to the extent same may properly be considered as a motion for summary judgment, should also have been denied.
For these reasons, I concur that the judgment below should be reversed and the matter remanded for further proceedings.
PRATHER and SULLIVAN, JJ., join in this opinion.
NOTES
[1] Ordinarily, a motion for judgment on the pleadings or, in the alternative, for summary judgment will be made in writing. I consider the present non-written motion to have been in order because it was "made during a hearing." See Rule 7(b)(1), Miss.R.Civ.P. On the other hand, the Circuit Court appears to have heard and considered the motion prematurely, for it had not been made ten days before the hearing. See Rule 56(c), Miss.R.Civ.P.; and Western Fire Insurance Co. v. Copeland, 786 F.2d 649, 652 (5th Cir.1986). I do not understand Walker to complain on this point, however.
[2] Even though Cleveland Lumber moved for summary judgment, the Circuit Court was within its authority in treating the motion as one for judgment on the pleadings. Under certain conditions, motions for summary judgment and for judgment on the pleadings are interchangeable. Since the Circuit Court did not consider matters beyond the pleadings, we should treat his ruling as sustaining the motion for judgment on the pleadings, not as having sustained a motion for summary judgment. See Rule 12(c), Miss.R. Civ.P., and Official Comment to Rule 56, Miss.R. Civ.P.; Walton v. Bourgeois, 512 So.2d 698, 699 (Miss. 1987); Educational Placement v. Wilson, 487 So.2d 1316, 1320 (Miss. 1986); Kountouris v. Varvaris, 476 So.2d 599, 602 n. 3 (Miss. 1985); Griffin v. Ware, 457 So.2d 936, 938 (Miss. 1984).