# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-CT-01055-SCT

*ROY HAL PARKER, JR., AS CONSERVATOR OF THE ESTATE OF WILLIAM MATTHEW ROSS, A VULNERABLE ADULT AND INCOMPETENT TO MANAGE HIS AFFAIRS; JAMES HAL ROSS, JR.; AND JASON HURDLE ROSS*

*v.*

*SUZANNE DICKSON ROSS, INDIVIDUALLY, AS TRUSTEE OF THE JAMES HAL ROSS REVOCABLE TRUST, AS EXECUTRIX OF THE ESTATE OF JAMES HAL ROSS, AND AS MEMBER/MANAGER OF H AND S I, LLC, H & S II, LLC, H & S III, LLC, AND H & S IV, LLC; H AND S I, LLC; H & S II, LLC; H & S III, LLC; H & S IV, LLC; THOMAS W. DALLAS; FRED M. HARRELL, JR.; PINNACLE TRUST COMPANY INC.; PINNACLE HOLDING COMPANY, LLC D/B/A PINNACLE TRUST COMPANY; AND PINNACLE HOLDING COMPANY INC.*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 08/28/2020 |
| TRIAL JUDGE: | HON. HAYDN JUDD ROBERTS |
| TRIAL COURT ATTORNEYS: | MATTHEW BARTIN ALLISTON |
| | CHUCK McRAE |
| | MARK C. BAKER, SR. |
| | ADRIAN WESTBROOK MILLS |
| | CECIL MAISON HEIDELBERG |
| | CHADWICK MITCHELL WELCH |
| | R. MARK HODGES |
| | CHARLES EDWARD COWAN |
| | LUKE DOVE |
| | STEPHEN McCARTY EDWARDS, JR. |
| | MICHAEL ALLEN AKERS |
| | JOSHUA MICHAEL COE |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CHANCERY COURT |

ATTORNEYS FOR APPELLANTS:   CHUCK McRAE
   MATTHEW BARTIN ALLISTON
ATTORNEYS FOR APPELLEES:   ADRIAN WESTBROOK MILLS
   LUKE DOVE
   CECIL MAISON HEIDELBERG
   R. MARK HODGES
   JAMES A. BOBO
   JOSHUA MICHAEL COE
   CHARLES EDWARD COWAN
   MICHAEL ALLEN AKERS
   MARK C. BAKER, SR.
NATURE OF THE CASE:   CIVIL - WILLS, TRUSTS, AND ESTATES
DISPOSITION:   THE JUDGMENT OF THE COURT OF
   APPEALS IS AFFIRMED IN PART AND
   REVERSED IN PART.  THE JUDGMENT OF
   THE RANKIN COUNTY CHANCERY
   COURT IS REINSTATED AND AFFIRMED
   IN PART AND REVERSED AND
   REMANDED IN PART - 05/04/2023
MOTION FOR REHEARING FILED:

**EN BANC.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1.    James Hal Ross created a series of trusts prior to his death to benefit his wife, Suzanne Dickson Ross, and sons from a previous marriage.  He left some personal effects to Suzanne in his will but bequeathed the remainder of his estate to the James Hal Ross Revocable Trust, created on November 28, 2000.  The revocable trust specified that Ross and Suzanne were the beneficiaries during Ross's lifetime but that, upon his death, its assets would be transferred to two different trusts.  The first, the marital trust, provided for the benefit of Suzanne.  The second, the credit trust, provided for Suzanne and the needs of Ross's three sons from a previous marriage, James Hal Ross Jr., Jason Hurdle Ross, and Roy Hal Parker,

Jr., as conservator of William Matthew Ross[1] (collectively, "the Ross sons"). The planned termination and transfer occurred upon Ross's death on February 3, 2003.

¶2. Under the terms of the trust, Trustmark National Bank was named trustee of both the marital trust and the credit trust. However, Trustmark never assumed the enumerated duties, and Pinnacle Trustee Company became the trustee of both the marital trust and the credit trust. The will of Ross was probated, and the estate was closed on July 29, 2005. Eight years later, on November 12, 2013, the Ross sons filed a petition in the Rankin County Chancery Court, seeking to reopen the estate due to "maladministration" by Suzanne, individually and as executrix, and to require an inventory and accounting of all Suzanne's activities as executrix of the estate. The action was dismissed on October 17, 2014.

¶3. On September 16, 2016, Matthew Ross, through his conservator, Roy Hal Parker Jr., filed a complaint in Hinds County Circuit Court, alleging mismanagement of the trusts and the improper selling of trust property by Suzanne. The complaint later was amended to include as Plaintiffs Matthew's other brothers, James Hal Ross Jr. and Jason Hurdle Ross.

¶4. The complaint alleged mismanagement of the trusts, improper transfer of real property held in trust, conversion, breach of fiduciary duty, breach of duty of loyalty, fraud and misrepresentation, negligence, deception, unjust enrichment, corporate freeze-out, and bad faith by Suzanne, Thomas Dallas, Fred Harrell, and Pinnacle Trust Company. All

_____

[1]On September 17, 2015, the Hinds County Chancery Court entered an order appointing Roy Hal Parker Jr. as Matthew's conservator.

Defendants responded by filing or joining another Defendant's motion to dismiss pursuant to Mississippi Rule of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6). Alternatively, Defendants sought to transfer the case to the Rankin County Chancery Court. The Ross sons responded to each motion on December 12, 2017, and challenged the request to transfer venue.

¶5. On June 18, 2018, the motion to transfer was granted by the Hinds County Circuit Court with no apparent consideration of the motions to dismiss. On September 10, 2018, the Ross sons filed a supplemental response in the Rankin County Chancery Court to the motions to dismiss filed in Hinds County. The Ross sons averred "the statute of limitations does not bar this action because all claims are timely . . . and because the statute of limitations is tolled for [Matthew's] legal mental disability."

¶6. On September 13, 2018, the Rankin County Chancery Court held a hearing on Defendants' motions to dismiss, previously filed in Hinds County Circuit Court, focusing solely on dismissal under Mississippi Rule of Civil Procedure 12(b)(6). The Ross sons averred that "the arguments boil down to a statute of limitations issue [as stated] in our supplemental response." The court ultimately denied Defendants' motion to dismiss and allowed the Ross sons the chance to file a second amended complaint, which they did on December 23, 2019.

¶7. In the second amended complaint, the Ross sons alleged that "The Defendants' combined efforts succeeded in transferring the bulk of the assets owned and controlled by

4

Ross at his death under the control of Suzanne and other Defendants and away from [the Ross sons]. Their efforts were committed knowingly and intentionally to benefit Suzanne to the detriment of [the Ross sons]." The second amended complaint also alleged causes of action for bad faith, unjust enrichment, breach of fiduciary duty, conversion, breach of duty of loyalty, fraud and misrepresentation, negligence, deception, and corporate freeze out. The Ross sons sought an accounting and other injunctive relief.

¶8. Defendants filed a motion to dismiss, arguing that the statute of limitations had run because Ross died in 2003, the most recent action of Suzanne listed by the Ross sons had occurred in 2012, and the amended complaint had been filed in 2015. The chancellor found that the general three year statute of limitations applied and that the complaint was untimely and granted Defendants' motions to dismiss.

¶9. On appeal, the Ross sons argued for the first time that some of their claims were subject to a ten year statute of limitations under Mississippi Code Section 15-1-7 (Rev. 2019), which provides for a ten year limitations period for actions to recover land. Similarly, they argued, Mississippi Code Section § 15-1-39 (Rev. 2019) allows for suits filed within ten years for causes of actions related to "the existence of a trust[.]"

¶10. The Court of Appeals agreed that the ten year statute of limitations applied to some of the Ross sons' claims and ultimately reversed and remanded the case for the chancellor to determine which of the Ross sons' causes of action dealt with mismanagement of the trusts and with the recovery of land. *Parker v. Ross*, No. 2020 CA-01055-COA, 2022 WL

5

1467817, at *9 (Miss. Ct. App. May 10, 2020).

## STANDARD OF REVIEW

¶11.   A motion to dismiss under Mississippi Rule of Civil Procedure 12 or a motion for summary judgment under Mississippi Rule of Civil Procedure Rule 56 raise questions of law, and the trial court's ruling is reviewed de novo. *Hartford Cas. Ins. Co. v. Halliburton Co.*, 826 So. 2d 1206, 1209-10 (¶¶ 6-7) (Miss. 2001). "Under certain conditions, motions for summary judgment and for judgment on the pleadings are interchangeable." *Id.* at 1213 (¶ 24) (quoting *Walker v. Cleveland Lumber Co.*, 512 So. 2d 695, 696 n.2 (Miss. 1987) (Robertson, J., concurring)). In a motion to dismiss, when "matters outside the pleadings are presented to and not excluded by the court," a motion to dismiss must be treated as one for summary judgment. *Rosen v. Gulf Shores Inc.*, 610 So. 2d 366, 368 (Miss. 1992) (quoting M.R.C.P. 12(b)).

¶12.   Mississippi Rule of Civil Procedure 56(c) provides that summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "The evidence must be viewed in the light most favorable to the party against whom the motion has been made[.]" *Duckworth v. Warren*, 10 So. 3d 433, 436-37 (¶ 9) (Miss. 2009) (internal quotation marks omitted) (quoting *One S., Inc. v. Hollowell*, 963 So. 2d 1156, 1160 (¶ 6) (Miss. 2007)). And "[t]he moving party has the burden of demonstrating that [no] genuine issue of

6

material fact[s] exist, [giving] . . . the non-moving party . . . the benefit of the doubt concerning the existence of a material fact." *Hollowell*, 963 So. 2d at 1160 (¶ 6) (second and third alterations in original) (internal quotation marks omitted) (quoting *Green v. Allendale Planting Co.*, 954 So. 2d 1032, 1037 (¶ 8) (Miss. 2007)). We consider issues relating to statutes of limitation as questions of law, and, therefore, we review them de novo. *Lott v. Saulters*, 133 So. 3d 794, 798 (¶ 5) (Miss. 2014)).

¶13. We now hold that the dissent in the Court of Appeals was correct:

> [W]e will not consider issues or arguments that were never presented to the trial court. Accordingly, consistent with our usual and well-established rule, the plaintiffs' "continuing breach" argument is waived because they failed to raise it in the trial court. Therefore, the plaintiffs have failed to identify any reversible error in the trial court's application of the statute of limitations.

*Parker*, 2022 WL 1467817, at *10 (¶ 10) (Emfinger, J., dissenting) (quoting *Stowe v. Edwards*, 331 So. 3d 24, 33-34 (¶ 34) (Miss. Ct. App. 2021)).

## DISCUSSION

### I. Whether the Court of Appeals erred by basing its decision on issues that had not been raised before the Chancellor.

¶14. In response to Defendants' motions to dismiss on the grounds of statute of limitations, the Ross sons responded by making two arguments. First, the Ross sons argued that the statute had not run due to Defendants' fraudulent concealment of their actions, and, second, that William's mental disability tolled the statute of limitation. No argument was raised in the chancery court about the ten year statute of limitations for recovery of land. *See* Miss. Code Ann. §§ 15-1-7 and -39 (Rev. 2019). No mention was made of those statutes until the

7

Ross sons filed their first brief in the Court of Appeals.

¶15.    In response, Defendants noted that the ten year statutes of limitations had not been argued in the chancery court and should not be considered for the first time on appeal.  Thus, it is necessary for us to determine whether the ten year statute of limitations argument was adequately raised and preserved because the Court of Appeals did not adequately address the waiver issue but rather concluded only that the chancellor erred by not applying the ten year statute of limitations to some of the claims.  *Parker*, 2022 WL 1467817, at *9.

¶16.    The general rule is that "an issue not raised before the lower court is deemed waived and is procedurally barred."  *Pub. Emps.' Ret. Sys. v. Freeman*, 868 So. 2d 327, 330 (Miss 2004) (citing *Davis v. State*, 684 So. 2d 643, 658 (Miss. 1996); *Cole v. State*, 525 So. 2d 365, 369 (Miss. 1987).   "It is axiomatic that '[t]he trial judge cannot be put in error on a matter which was not presented to him for decision.'" *Gordon v. Wall (In re Will of Waller)*, 273 So. 3d 717, 721 (Miss. 2019) (alteration in original) (quoting *Brown v. Miss. Transp. Comm'n*, 749 So. 2d 948, 954 (Miss. 1999)).   A statute of limitations is an affirmative defense that can be waived if not raised.  *Courtney v. State*, 275 So. 3d 1032, 1038 (¶ 36) (Miss. 2019).

¶17.    As to statutes of limitation, the Mississippi Supreme Court has held:

> The appellant having relied upon a statute not applicable, cannot invoke the protection of another not pleaded. A party who pleads or replies to a statute of limitations not appropriate to the action must abide the result.

*In re Est. of Miller v. Miller*, 409 So. 2d 715, 718 (Miss. 1982) (quoting *Bridgforth v.*

*Payne*, 62 Miss. 777 (1885)).

¶18. Accordingly, the Court of Appeals majority erred by remanding the matter for discovery on issues not presented to the chancellor. *Parker*, 2022 WL 1467817, at *9 ("[A] trial judge cannot be put in error on a matter not presented to him for his decision."); *Allgood v. Allgood*, 473 So. 2d 416, 423 (Miss. 1985) ("As a prerequisite to obtaining review in this Court, it is incumbent upon a litigant that he not only plead but press his point in the trial court."); *Ammons v. Cordova Floors Inc.*, 904 So. 2d 185, 192 (¶ 25) (Miss. Ct. App. 2005) (finding issue procedurally barred because it was not raised in the trial court); *Leverett v. Leverett*, 309 So. 3d 116, 121-22 (¶ 19) (Miss. Ct. App. 2020) ("It is well-settled that issues presented for the first time on appeal are procedurally barred from consideration."). We reiterate, "[o]ne of the most fundamental and long established rules of law in Mississippi is that an appellate court will not review matters on appeal that were not raised at the trial court level." *Leverett*, 309 So. 3d at 121-22 (¶ 19) (quoting *Hoffman v. Hoffman*, 270 So. 3d 1121, 1128 (¶ 32) (Miss. Ct. App. 2018)); *Barton v. Barton*, 306 So. 3d 682, 685 (¶ 9) (Miss. 2020).

¶19. Accordingly, we reverse the judgment of the Court of Appeals and reinstate and affirm the chancellor's dismissal on statute of limitations grounds.

II. **Whether the Court of Appeals erred by finding the statute of limitations was not tolled due to the disability of William Matthew Ross.**

¶20. The Ross sons contended that William Matthew Ross suffered from a mental

impairment and that the savings statute tolled the limitations period. Mississippi Code

Section 15-1-59 provides:

> If any person entitled to bring any of the personal actions mentioned shall, at the time at which the cause of action accrued, be under the disability of infancy or unsoundness of mind, he may bring the actions within the times in this chapter respectively limited, after his disability shall be removed as provided by law.

Miss. Code. Ann. § 15-1-59 (Rev. 2019).

¶21.  The test for determining whether a person is of unsound mind for purposes of tolling a statutory limitations period is: "Is his mind so unsound, or is he so weak in mind, or so imbecile, no matter what cause, that he cannot manage the ordinary affairs of life?" *U.S. Fid. & Guar. Co. v. Conservatorship of Melson*, 809 So. 2d 647, 653 (Miss. 2002) (quoting *Shippers Express v. Chapman*, 364 So. 2d 1097, 1104 (Miss. 1978)).

¶22.  In the 2015 conservatorship petition, Roy Hal Parker Jr. alleged that Matthew suffered from autism from birth and that he was unable to handle his own financial affairs. Two certificates were attached from doctors who treated Matthew that stated that, due to his autism, he was unable to manage his own affairs and that it would be in his best interest that a conservator be appointed. A later order provided that "[Matthew] suffers from autism and is incapable of managing his affairs." In a previous conservatorship matter, Suzanne had admitted that Matthew suffers from mental disability and that she, along with others, had "cared to some extent for the daily financial or physical needs and requirements." Even so, she claimed that Matthew was able to live on his own and manage his household even if he

10

could not manage his finances.

¶23.    In the matter *sub judice*, the Ross sons submitted an affidavit from a doctor who had examined Matthew and had found that he suffered "mental retardation resulting in need for assistance in managing, planning, execution of financial issues . . . ." The doctor stated that Matthew could handle "routine daily activities such as personal care, shopping, etc. with assistance." He needed assistance with shopping on account of his lack of understanding the concept of change. She also noted that he "needs assistance with major life issues (judgment areas) i.e. signing contracts etc." and that he was "easily taken advantage of by others due to his poor judgment and overtrusting nature of others."

¶24.    Even so, the chancellor found that the Ross sons had not sufficiently shown that Matthew was suffering from mental unsoundness, finding instead that the Ross sons had failed to meet the burden of proof that Matthew could not manage the ordinary affairs of life. The chancellor reasoned that the Ross sons only provided evidence of "broad and conclusory assertions" that were "devoid of facts to support their opinions" based on ***Stroud v. Progressive Gulf Insurance Co.***, 239 So. 3d 516, 524 (¶ 25) (Miss. Ct. App. 2017)

¶25.    On appeal, the Ross sons argued that genuine issues of material fact existed as to Matthew's soundness of mind. The Court of Appeals reviewed the evidence and ultimately concluded that

> Matthew cannot handle his own financial affairs, needs "constant supervision," "assistance with major life issues," has been diagnosed with "autism," and has a "life long history of developmental delay, intellectual disability, and poor awareness." Further, he has been diagnosed in a doctor's report as having

11

"mental retardation resulting in need for assistance in managing, planning, and execution of financial issues." Finally, it was proved he cannot write, can barely read, and cannot shop by himself because he does not understand the concept of purchase pricing and obtaining change. Based on this information, this Court reverses the trial court's grant of summary judgment in part and holds that Matthew created a genuine issue of material fact as to his unsoundness of mind.

*Parker*, 2022 WL 1467817, at *9 (¶ 27).

¶26. The majority in the Court of Appeals correctly reversed the chancellor's finding here. *Stroud* requires for there to be a showing of particularity in the facts rather than mere "broad and conclusory assertions." Here, the Ross sons did so. The affidavits of professionals and even past statements by Suzanne show that Matthew cannot read or write and is unable to manage his daily affairs without considerable assistance. *Melson* clearly states that the primary test for unsoundness of mind is whether one may manage his own ordinary affairs of life.

¶27. Thus, we affirm the judgment of the Court of Appeals and remand the matter to the chancery court for proceedings consistent with the present opinion as to whether Matthew's unsoundness of mind tolled the general three year statute of limitations, which was initially pled. Further, we remand for consideration as to whether the ten year statute of limitations applies to any claims.

## CONCLUSION

¶28. Because the Court of Appeals erred by ruling on issues not properly pled before the chancery court, we reverse the judgment of the Court of Appeals and reinstate the judgment

12

of the chancellor. However, because the Ross sons did sufficiently raise genuine issues of material fact as to Matthew's soundness of mind, we affirm the judgment of the Court of Appeals, and we reverse the judgment of the chancery court and remand the case to the chancery court for further proceedings consistent with the present opinion.

¶29. **THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED IN PART. THE JUDGMENT OF THE RANKIN COUNTY CHANCERY COURT IS REINSTATED AND AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.**

**RANDOLPH, C.J., KING, P.J., MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR. KITCHENS, P.J., NOT PARTICIPATING.**